[Civil No. 2709.   Filed April 9, 1928.]

[266 Pac. 11.]

MARYLAND CASUALTY COMPANY, a Corporation, Plaintiff, v. THE INDUSTRIAL COMMISSION OF ARIZONA, and R. B. SIMS, BURT H. CLINGAN, and H. S. McCLUSKEY, Members of said THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. W. L. Barnum and Mr. W. W. Rhodes, for Plaintiff.

Mr. John J. Taheny, for Respondents.

LOCKWOOD, J.—James M. Treahey, hereinafter called the applicant, on May 7th, 1926, filed with the Industrial Commission of Arizona an application for compensation for an injury causing hernia which he alleged had occurred while he was employed by one F. H. Keddington as a binder in a bookbinding establishment in Tucson, Arizona, Maryland Casualty Company, a corporation, hereinafter called petitioner, was the insurance carrier of compensation liability for Keddington. A hearing was had, findings made by the Commission, and an award made, after which the petitioner asked for a rehearing. This was granted, and upon such rehearing the Commission again made findings and an award, whereupon petitioner filed its application with this court for a writ of review.

There are some six grounds set up in petitioner's brief in support of its contention that the award should be set aside. They read as follows:

"I. That the Industrial Commission of Arizona was without jurisdiction to make an award.

"II. That the applicant, James M. Treahey, failed forthwith to report the alleged accident to

his employer, F. H. Keddington, as required by subsection D of section 79 of the Workmen's Compensation Law of the state of Arizona [Laws 1925, c. 83].

"III. That the Industrial Commission of Arizona abused its discretion in finding No. 9 in relieving the applicant, James M. Treahey, from loss or forfeiture of compensation by reason of his failure to report immediately the accident and injury claimed to have been sustained by him, for the reason that there is no evidence to show any excuse or reason for the failure to so report.

"IV. That the applicant, James M. Treahey, did not sustain an injury by an accident arising out of and in the course of his employment causing the disability described in the award of the Industrial Commission of Arizona dated May 31st, 1927, and that of said commission on rehearing dated October 14th, 1927.

"V. If applicant suffered disability from hernia, it was not traumatic hernia, as shown by his application and the evidence and proof submitted in support of his claim.

"VI. That the evidence and claim of the plaintiff filed with the Industrial Commission of Arizona, and all of the proof submitted in support of his said claim show that the plaintiff is not entitled to compensation under the terms of section 71 of the Workmen's Compensation Law of the state of Arizona."

We shall consider them in their order.

We have held in the case of *Federal Mut. L. Ins. Co.* v. *Industrial Commission*, 31 Ariz. 224, 252 Pac. 512:

"It is true the commission is not a court. . . . It is nevertheless a tribunal established by the Legislature, and having bestowed upon it the right to determine questions of fact and to apply the existing law thereto. . . .

"This court will not, in a proceeding brought under section 90 of the act [Laws 1925, c. 83], review or consider any matter which was not fairly presented to the commission for its determination."

A proceeding on a writ of review from an award of the Industrial Commission is in effect an appeal from the decision of such Commission, and, except when otherwise provided by statute or the rules of this court, should be governed by the same principles as appeals from the superior court. We therefore will consider in matters of this kind the specific grounds of objection set up by the petitioner as taking the place of assignments of error in the ordinary appeal, and any objection not so set up will be deemed as waived.

The first objection above set forth is, of course, general, and depends upon the ruling on the others.

The second is that the applicant failed to report the alleged accident "forthwith" to his employer as required by subdivision (c), section 79, Workmen's Compensation Law (Laws 1925, chap. 83). This subdivision reads, so far as material, as follows:

"(c) Whenever any accident occurs to any employee, it shall be the duty of the employee to forthwith report such accident and the injury resulting therefrom to the employer. . . . "

The evidence shows that the accident occurred on the 18th of December, 1925, but that it was not reported until March, 1926. Counsel have spent a good deal of time in discussing how soon a report must be made and the meaning of the word "forthwith" in the subdivision above quoted. We are satisfied that a delay of three months is not "forthwith." The law provides that, if the report of the accident is not made "forthwith," no compensation is to be paid for the injury. It also provides, however:

"But it shall be within the discretion of the Arizona Industrial Commission to relieve said injured person or his dependents from such loss or forfeiture of compensation, if the said Arizona Industrial Com-

mission shall be of the opinion, after investigation, that the circumstances attending the failure on the part of the employee, or of his physicians, to report said accident and injury are such as to have excused the said employee and his physician for such failure to so report, and that such relieving of the employee or his dependents from the consequences of such failure to report will not result in an unwarrantable charge against said state compensation fund or accident benefit fund.''

The Industrial Commission in this case found:

''(9) The circumstances attending the failure of the applicant to report said accident and injury to his employer sooner are such as to have excused said employee for such failure to so report and the relieving of said employee from the consequences of such failure to sooner report said injury and accident will not result in an unwarrantable charge against the state compensation fund or the accident benefit fund, or other insurance carrier.''

It is urged as the third ground of objection that the Commission abused its discretion in such findings. We have examined the transcript of the evidence in regard to this matter, and we are satisfied that such discretion was not abused. The applicant gave what in our opinion was a good reason for having delayed the making of his report.

The fourth objection is that the injury complained of by applicant was not caused by an accident ''arising out of and in the due course of his employment.'' This again is a matter of fact for the determination of the Commission, and its finding cannot be disturbed by us, unless there is no reasonable evidence tending to support it. *Federal Mut. L. Ins. Co.* v. *Industrial Commission, supra*. We are of the opinion the evidence fully sustains the findings on this point.

It appears from the undisputed testimony that the applicant was working at a printing-press, lifting

heavy paper and feeding it into the press while standing in a very cramped position. While reaching over and straining in the operation of the press, he felt a sudden pain in his left groin, and, on going to a doctor some fifteen minutes later, discovered that he had a hernia. He also stated that this was the first time the hernia had ever appeared. We think this reasonably supports the finding of the Commission that the hernia was caused by a sudden effort exerted by the applicant while acting in the course of his employment.

Section 71 of the Workmen's Compensation Act deals with the subject of hernias. They are divided into two classes; one being "traumatic" and the other "all other kinds." It may be conceded that the hernia was not a traumatic one. Nontraumatic are compensable under the statute only in the following cases:

"(c) All cases coming under (b) in which it can be proven: First, that the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment;

"Second, that the descent of the hernia occurred immediately following the cause;

"Third, that the cause was accompanied, or immediately followed, by severe pain in the hernial region;

"Fourth, that the above facts were of such severity that the same were noticed by the claimant and communicated immediately to one or more persons; are considered to be aggravations of previous ailments or diseases, and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but not to exceed two months."

The evidence above set forth brings the injury in question clearly within the class of compensable nontraumatic hernias.

The sixth objection is that the evidence and claim and the proof show that the applicant is not entitled to compensation. This is in effect similar to the familiar assignment in ordinary appeals that the evidence does not support the judgment, and is governed by the same rule. *Federal Mut. L. Ins. Co.* v. *Industrial Commission, supra.* It is not necessary that we set forth the evidence in full. It is sufficient to say that it shows that the applicant, Treahey, did sustain a compensable injury arising out of and in the due course of his employment, and that there is nothing in the record to show why he should not recover therefor. The only objection made as to the amount of the compensation is that it was based upon a wrong finding as to the applicant's monthly wage. This position, however, was abandoned by petitioner in its reply brief, as the record shows clearly the amount of monthly wage of applicant was stipulated to be that found by the Commission.

It appearing that none of the objections made by petitioner are well founded, the award of the Industrial Commission is affirmed.

ROSS, C. J., and McALISTER, J., concur.