[Civil No. 3412. Filed January 4, 1934.]

[27 Pac. (2d) 1107.]

T. L. EDENS, Jr., Petitioner, v. L. E. DIXON CONSTRUCTION COMPANY, Defendant-Employer; INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. Austin O'Brien, for Petitioner.

Mr. Don C. Babbitt and Mr. D. L. Cunningham, for Respondents.

LOCKWOOD, J.—This is an appeal from an award of the Industrial Commission denying further compensation to T. L. Edens, Jr., hereinafter called petitioner. The facts necessary to a determination of the case are not disputed, and we state them as follows:

On February 11, 1932, petitioner, while working as a carpenter on the Valley Bank Building in Phoenix, Arizona, fell and injured his left knee. It is admitted that the injury arose out of and in the due course of petitioner's employment, and that it is compensable. On July 25, 1932, pursuant to an application for compensation which had been made, the Industrial Commission awarded petitioner the

sum of $627.30 for temporary total disability and $94.50 per month for five months for permanent partial disability, the first payment for such permanent disability to be on August 17, 1932. Thereafter and on the 17th of October, 1932, the commission made amended findings and award increasing the temporary disability compensation to $836.40 and extending the payments for permanent disability to 7½ months. The petitioner was still unable to return to work, and on December 7, 1932, the findings and award were again amended by the commission, allowing temporary disability compensation in the sum of $979.90, but granting no further permanent partial disability compensation. Thereafter, and on the second day of May, 1933, the commission again amended its findings and award, leaving the compensation for temporary disability as it was of December 7, 1932, but granting an additional two months' payment for permanent partial disability, making a total of $979.90 for temporary total disability and $94.50 per month for 9½ months for permanent partial disability.

All of these awards were based upon the application for compensation originally made and upon the various reports of the employer and the physicians who attended petitioner from time to time, but no formal hearing was had at which evidence was taken in the manner usual upon trials before a court. Petitioner at no time up to and including the award of the second day of May made any objection to the amount of the compensation awarded from time to time or the method in which it was determined, but was paid and accepted the same.

Each award when made set forth, as provided by the rules of the commission, that the party aggrieved might apply for a rehearing of the same within twenty days after the making of the award, but no such application was ever made. On the

fourteenth day of June, as aforesaid, the petitioner, being dissatisfied with the award of the 2d of May, reviewed briefly in writing the history of his case and stated that he was still unable to follow his trade and requested a hearing by the commission which was held on the twenty-third day of June, 1933. At this hearing petitioner was given an opportunity to present such evidence as he desired, and two physicians testified on his behalf. On July 21, 1933, and before a decision was reached by the commission, the petitioner was again examined by Dr. Palmer on behalf of the commission, and the doctor made a written report as to the result of his examination. All three of the physicians testified, in substance, that the condition of the petitioner was improving and would in all probability continue to improve. All agreed that no new complications had arisen since the last award, which were unknown at the time of making the award. The only point on which they disagreed was as to the amount of permanent disability suffered by petitioner as a result of his accident. Dr. Hughes at that time estimated the permanent disability to be 50 per cent., Dr. Bannister estimated it at 33 to 40 per cent., while Dr. Palmer believed that it would amount to about 10 per cent. The actual award for permanent disability made to the petitioner was equivalent to about 19 per cent. of the compensation fixed by the statute for complete loss of a leg.

No objection is made by petitioner to the total temporary disability awarded by the commission and received by him, but his claim is that the award for permanent partial disability is erroneous. He makes two objections to the award, the first being that the commission acted arbitrarily and not judicially in rendering its awards, and the second that the findings did not show what percentage of permanent partial disability the petitioner was entitled to.

We consider the first objection. It is true that we have held repeatedly that the commission in making an award acts in a judicial capacity, although it is not a court, and that generally speaking it must follow the usual method adopted by all courts for hearing contested matters, except where the statute specifically changes the method of procedure. *King* v. *Alabam's Freight Co.*, 38 Ariz. 205, 298 Pac. 634; *Doby* v. *Miami Trust Co.*, 39 Ariz. 228, 5 Pac. (2d) 187. We have also held, however, that the specific procedure to be used is left largely to the discretion and judgment of the commission. *Johnson* v. *T. B. Stewart Const. Co.*, 37 Ariz. 250, 293 Pac. 20; section 1453, Rev. Code 1928.

It is true that in the case of *King* v. *Alabam's Freight Co., supra,* we held that the commission could not deputize the duty of making awards to a referee, but must itself at some time hear the evidence and make the award. We did not, however, hold that an award made without a formal hearing in which both the injured person and the employer or insurance carrier were represented was without jurisdiction. The Industrial Commission has many thousand applications for compensation each year. In the vast majority of cases there is no dispute as to the compensability of the injuries or the amount of compensation due, and it has been the practice of the commission ever since its organization, where no request is made for a formal hearing, to make the awards upon the basis of the application, the employer's report, and the reports of such physicians as either party may desire to present, including that of the commission's own physicians. We think that when an award is made in this manner and acquiesced in by all of the parties that it is valid. Were it not so, and were the commission required in all cases where application was made for compensation to hold a formal hearing with sworn evi-

dence presented in the usual manner, it would be utterly impossible for it to consider a tithe of the cases before it, and the entire administration of the law would inevitably break down. We think that, under the provisions of section 1453, *supra*, its original investigation and an award thereon may be made without the necessity of a formal hearing, provided always that a dissatisfied party may have a rehearing on the award, at which time he will be given opportunity to present his evidence in the usual manner. This rehearing is always permitted on any award by the rules and regulations of the commission, and it is only where a party has requested a rehearing and has been denied the right at such rehearing to present his case in a formal way that he may be heard to complain in this court that the manner in which the award is determined is improper. This rule enables the commission to deal promptly with the applications for compensation, while at the same time a dissatisfied party is amply protected in all of his rights. We hold, therefore, that, since petitioner accepted the awards from time to time without ever requesting a rehearing thereon, that he may not now say they are void because they were based upon evidence which was not presented in the usual formal manner.

We consider then the hearing had on June 23d. It is obvious that therein the commission could not review the award of May 2d or any previous one, for the petitioner had accepted the benefits thereof without offering to return them. We have held that applications for increase or adjustment of compensation may be made notwithstanding the petitioner has accepted such benefits, but that in such a case the question before the commission is limited to an inquiry as to whether there has been developed from the injury sustained new and previously undiscovered disabilities or ailments which were not and could

not be considered on the granting of the original award as it was first made or from time to time amended. *Doby* v. *Miami Trust Co., supra,* second appeal Id., 40 Ariz. 490, 14 Pac. (2d) 476; *Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d) 472; *Kilpatrick* v. *Hotel Adams Co., ante,* p. 128, 22 Pac. (2d) 836.

On the evidence presented, the commission was justified in finding that the condition of petitioner as of June 23d, the date of his application for re-adjustment of compensation, was better than it was on May 2d, the date of the last award, or indeed at any time after the accident which resulted in the original injury. For these reasons it could make no increased or re-adjusted compensation and properly denied it. *Zagar* v. *Industrial Commission, supra.* The award is affirmed.

ROSS, C. J., and McALISTER, J., concur.