[Civil No. 3495. Filed June 13, 1934.]

[33 Pac. (2d) 589.]

G. R. HOGLE, Petitioner, v. ARIZONA CONCRETE COMPANY, Defendant Employer, INDUS-TRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

(1)

Mr. Linus R. Fike, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission.

LOCKWOOD, J.—This matter comes before us on *certiorari* to review an award of the Industrial Commission. The facts necessary for a determination of this particular appeal are not in serious dispute and may be stated as follows:

On September 29, 1929, G. R. Hogle, hereinafter called petitioner, sustained an injury to his right leg and knee-joint and lower spine. The injury did not respond satisfactorily to treatment, and on August 4, 1930, the Commission awarded him the sum of $787.50 for a 30 per cent. permanent partial disability of the right leg. The condition of the leg became worse, and on March 12, 1932, petitioner applied for a rearrangement of compensation, and on the 8th of June the Commission increased their estimate of disability to 50 per cent., granting an additional compensation of $525. Petitioner's condition continued to grow worse, and in January, 1933, he was placed in the hospital for an operation, and remained under the care of the physicians of the Commission until the 19th of July, 1933, when he was discharged from further medical care, and on August 1st another allowance of $1,264.87 for temporary total disability was made him. Thereafter, and on the 8th day of December, 1933, he filed another application for re-

arrangement of compensation, on the ground that his condition was growing steadily worse by reason of pressure on the nerves, caused by the spinal injury received at the time of the original accident. On the 21st day of December the Commission denied the application, and within the proper time therefrom petitioner applied for a rehearing. On the 16th day of February, 1934, and without granting him the opportunity to appear personally and present such evidence as he might have regarding his claim of newly discovered aggravation of the injuries for which he had previously been allowed compensation, the Commission denied the petition for rehearing, and the matter was brought before us for review.

It is the contention of the petitioner that on the foregoing facts it was his right, as a matter of law, to appear personally with his witnesses, before the Commission or a referee properly appointed for that purpose, to present such evidence as he might have in support of his petition of December 8, 1933.

It will be observed that the petition was one for an aggravation of a disability, made under section 1447, Revised Code of 1928. In the case of *Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d) 472, 474, we construed this section and quoted approvingly from *Grunnett* v. *State Industrial Acc. Com.,* 108 Or. 178, 215 Pac. 881, as follows:

"The right of compensation for aggravation of disability occurring or discovered after the rate of compensation has been established or compensation terminated is, as held in *Chebot* v. *State Industrial Acc. Com.,* 106 Or. 660, 212 Pac. 792, 795, 'of exactly the same dignity as' the 'right to receive compensation in the first instance.'"

What, then, is a petitioner entitled to in respect to a formal hearing of an original petition? We have had this question before us in the cases of *Edens* v. *L. E. Dixon Construction Co.,* 27 Pac. (2d) 1107, 1109,

and *Scott* v. *L. E. Dixon Co.*, 27 Pac. (2d) 1109. In the first case we said:

" . . . The Industrial Commission has many thousand applications for compensation each year. In the vast majority of cases there is no dispute as to the compensability of the injuries or the amount of compensation due, and it has been the practice of the commission ever since its organization, where no request is made for a formal hearing, to make the awards upon the basis of the application, the employer's report, and the reports of such physicians as either party may desire to present, including that of the commission's own physicians. We think that when an award is made in this manner and acquiesced in by all of the parties that it is valid. Were it not so, and were the commission required in all cases where application was made for compensation to hold a formal hearing with sworn evidence presented in the usual manner, it would be utterly impossible for it to consider a tithe of the cases before it, and the entire administration of the law would inevitably break down. We think that, under the provisions of section 1453, *supra,* its original investigation and an award thereon may be made without the necessity of a formal hearing, *provided always that a dissatisfied party may have a rehearing on the award, at which time he will be given opportunity to present his evidence in the usual manner.* This rehearing is always permitted on any award by the rules and regulations of the commission, and it is only where a party has requested a rehearing and has been denied the right at such hearing to present his case in a formal way that he may be heard to complain in this court that the manner in which the award is determined is improper. This rule enables the commission to deal promptly with the applications for compensation, while at the same time a dissatisfied party is amply protected in all of his rights. . . . " (Italics ours.)

And we reaffirmed the rule thus laid down in the second case. We think this rule is in harmony both with the express terms of the Compensation Law and the fundamental principles of justice. As we have

said repeatedly, the function of the Industrial Commission in making awards is judicial in its nature and is governed by the same general principles as the judgments of the courts. *Maryland Casualty Co.* v. *Industrial Com.*, 33 Ariz. 490, 266 Pac. 11; *Doby* v. *Miami Trust Co.*, 39 Ariz. 228, 5 Pac. (2d) 187.

One of the first principles applying to judicial determinations of every nature is that every person is entitled to his "day in court"; that is, the opportunity to present his case fully and freely at least once before an impartial tribunal. Petitioner was therefore entitled to at least one opportunity to present to the Commission what evidence he might have bearing upon his last petition for a readjustment of compensation.

It is claimed by the Commission that it examined the entire record of petitioner's case, and from that was satisfied he was not entitled to a readjustment of compensation, and that under the provisions of section 1398, Revised Code of 1928, this was sufficient, without the necessity of granting to petitioner the opportunity to present in a formal manner such new evidence as he might have regarding his then condition. This section reads as follows:

"§ 1398.. Hearings as to reasonableness of orders. Any employer or other person interested in, or affected by, an order of the commission, may petition for a hearing on the reasonableness and lawfulness of such order by a verified petition filed with the commission, setting out specifically and in detail the order upon which a hearing is desired, and the reasons why such order is unreasonable or unlawful, and the issue to be considered by the commission on the hearing. Objections other than those set forth in the petition are deemed finally waived.

"Upon receipt of such petition, if the issue raised in such petition has theretofore been adequately considered, the commission shall confirm, without hearing, its previous determination; if such hearing is necessary to determine the issue raised, the commis-

sion shall order a hearing thereon at such time as it shall prescribe. Notice of the time and place of such hearing shall be given to the petitioner and to such other persons as the commission may find directly interested in such decision. Upon the hearing if it be found that the order complained of is unlawful or unreasonable, the commission shall substitute therefor such order as may be lawful and reasonable, and may grant further time, reasonably necessary, for compliance with its order.''

It is urged by petitioner that this section has no application to awards of compensation, but refers solely to orders made by the Commission under its general power of supervision of the relations of employer and employee as set forth in section 1397, Revised Code of 1928. Assuming, without deciding, that the section does apply to awards of compensation, we think it does not permit a previous informal award to be affirmed without a formal hearing if a proper request is made therefor. It will be noted that the Commission under this section may only confirm, ''without hearing, its previous determination,'' when the issue raised by the petition has theretofore been ''adequately considered.'' We are of the opinion that, for the reasons hereinbefore stated, no award can be held to have been ''adequately considered'' within the meaning of the section unless and until, once at least, an opportunity has been afforded a petitioner to present his case at a hearing of the kind described in the Edens and Scott cases. Since it appears from the record that no such opportunity was afforded petitioner at any time, although he made a timely request therefor, the Commission wrongfully denied his petition for a rehearing.

The evidence claimed by petitioner to justify his demand for increased compensation is such that the triers of fact might or might not believe it to be, when taken with the record already made, and such

other investigation as might be suggested by the petition, sufficient to warrant such increase. That question must be determined by the Commission at a properly conducted hearing. The award is set aside and the case remanded, with instructions to grant to petitioner a formal hearing upon his petition for readjustment of compensation, and to make such award as the law, upon the evidence adduced at such hearing, together with any already in the record, may justify.

ROSS, C. J., and McALISTER, J., concur.