352 P.2d 352

Harold E. MARTIN, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona and J. S. Sundt, Respondents.

No. 6801.

Supreme Court of Arizona.

May 25, 1960.

W. Edward Morgan, Tucson, for petitioner.

Donald J. Morgan, Phoenix, John R. Franks, James D. Lester, Frances M. Long, Phoenix, and Edward E. Davis, Glendale, of counsel, for respondents Industrial Commission and J. S. Sundt.

JOHNSON, Justice.

Certiorari to review an award of the Industrial Commission denying the application of petitioner to reopen a claim for workman's compensation.

It appears from the record that on November 29, 1942, Harold E. Martin, petitioner herein, was nailing a partition for his employer, the Sundt Construction Company, in Tucson, Arizona, when a plank struck petitioner on the back of the head and neck, or medically, between the scapulae. Thereafter, petitioner was examined by Dr. R. W. Rudolph, who filed an Industrial Report of Attending Physician, advising that he found soreness throughout petitioner's shoulder and neck area, for which a treatment of heat and bed-rest was prescribed. Petitioner was treated for a day or two and returned to work. For this injury, no claim for lost time was filed, nor workman's report of injury or claim for compensation made or filed. The Commission paid the $5 bill of Dr. Rudolph and closed its file on petitioner's case.

No further action was taken by petitioner in the matter until October 3, 1958,

when petitioner filed a claim for physical disability allegedly resulting from the 1942 injury. In support thereof, petitioner filed a letter containing history and complaints, inventory and examinations of Dr. Lindsay E. Beaton, with conclusions and recommendations. Thereafter, the Commission, on administrative hearing, based upon evidence submitted by petitioner and its own records, entered its award finding that it was without jurisdiction to entertain the claim on the ground that applicant failed to file within one year from the date the injury occurred, or the right thereto accrued, as provided by A.R.S. § 23-1061.

The petitioner filed a timely protest and petition and application for rehearing to this award, objecting to the justice of the award and alleging that he had not received a claim form at the time of the injury. It is from this order denying a rehearing and affirming the previous finding and award of the commission that this writ of certiorari issued.

■ In order best to understand the medical aspects of petitioner's case, we quote from the report of Dr. Beaton, dated September 29, 1958:

"*History:* This 60 year old white male dates his difficulties to an accident in 1942, when he was working as a carpenter for the Sundt Construction Company. While kneeling, a plank which had been leaning against the wall toppled and struck him between the scapulae. He believes that he was briefly unconscious. He was seen by Dr. Royal Rudolph, and was released to work in two days. He had a sore back and neck for about a week, and his left arm tingled for a day or so. The present symptoms did not appear until about a year after his accident. This is especially true of the leg symptoms. Evidently he did not for some time associate the symptoms which began a year later with the injury in 1942. However, he tells me that he had to quit his job as a carpenter within a year after the accident, and at that time began some chiropractic treatments. By 1944 he had a definite right foot drop. For a time he had some involuntary motions of the right leg, described almost like a ballismus. There has been numbness of the leg, but no actual pain. In 1947, he had some sciatic distress briefly, which then disappeared. The present symptoms have been stationary for the past four to five years, and he has done no work since 1952. He complains particularly that his right leg flops when he walks, and that he drags the toe of the right foot. He cannot lift the foot far from the ground. Stiffness of the low back continues, particularly on exertion. The pain across the anterior chest is a much more recent complaint. It may

be noted that there has been negative electrocardiogram."

In concluding his report, Dr. Beaton said:

"* * * Mr. Martin has definite evidence of a spinal cord lesion, which from the history and findings is probably an old one. This could well have been traumatic, and the neurological evidence is for a rather wide-spread lesion in the cord. One, therefore, suspects the possibility of a hemotomyelia at the time of his injury in 1942. The undersigned recognizes that there is no way now actually to prove such an injury, and the diagnosis is only offered as an explanation for the history and findings. I can only request that the Industrial Commission consider this man's problem, the history and the findings, as well as the present disability. It is, of course, entirely possible that some other spinal cord illness or accident has occurred in the years since 1942, but I am unable to obtain any history of such illness or accident from the patient."

A.R.S. § 23–1061 provides, in part:

"D. No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

In determining the day upon which the right to compensation accrues, we follow the liberal rule that if an injury is slight or trivial at the time of the accident and not compensable, but later on there develop unexpected results for which the employee could not have been expected to make a claim, the statute of limitations runs from the time the injury becomes manifest and not from the date of the accident. Hughes v. Industrial Commission of Arizona, 81 Ariz. 264, 304 P.2d 1066. Another statement of the test is that an employee should not be deprived of compensation when in the exercise of reasonable care he is unable to make a correct diagnosis of his injury. English v. Industrial Commission, 73 Ariz. 86, 237 P.2d 815. But when the employee definitely becomes conscious of a serious injury arising out of and in the course of his employment to the extent that he is then and there entitled to compensation, it is his duty to make that fact known to his employer and to the Commission by filing an application for compensation within the purview of A.R.S. § 23–1061; the latter, of course, begins to run when the claim becomes compensable whether it is filed or not. Inspiration Consolidated Copper Company v. Smith, 78 Ariz. 355, 280 P.2d 273.

 It is abundantly clear that initially petitioner was fully justified in regarding his injury as not of a serious or compensable nature. Since the injury was not compensable at the time of occurrence, the one-year statute of limitations, A.R.S. § 23–

1061, did not begin to run against petitioner from the date of injury. The Commission finding, therefore, that petitioner is barred from the further prosecution of his claim, must be predicated upon that part of the above section requiring a claim to be filed within one year of the day on which the right to compensation accrued. In order to determine this date, the Commission must find that at a particular time petitioner could be charged with a definite consciousness of an injury that arose out of and in the course of his employment. In other words, not only that petitioner was aware of his disability; but also that petitioner realized its connection to a particular industrial mishap. The Commission defeated petitioner on this ground without a hearing, and denied the petition for rehearing stating that petitioner failed to raise any matters which had not been considered previously by the Commission, concluding that no useful purpose could be served by holding a rehearing in the matter.

■ The Commission is wrong. The function of the Commission in making awards is judicial in its nature and is governed by the same general principles as the judgments of the courts. Maryland Casualty Co. v. Industrial Comm., 33 Ariz. 490, 266 P. 11; Doby v. Miami Trust Co., 39 Ariz. 228, 5 P.2d 187. One of these principles is that every person is entitled to his day in court, the opportunity to present one's case fully and freely at least once before an impartial tribunal. Hogle v. Arizona Concrete Co., 44 Ariz. 1, 33 P.2d 589. Consequently, it long has been the law in this State that an award, acquiesced in by all the parties, may be made by the Commission without a formal hearing *provided always that a dissatisfied party may have a rehearing on the award, at which time he will be given opportunity to present his evidence in the usual manner.* Hogle v. Arizona Concrete Co., supra; Edens v. L. E. Dixon Construction Co., 42 Ariz. 519, 27 P.2d 1107; Dustin v. Industrial Commission, 43 Ariz. 96, 29 P.2d 155.

■ It is difficult to discern the legal basis for the procedure used by the Commission to deny petitioner's application for rehearing, for as we explained in Scott v. L. E. Dixon Co., 42 Ariz. 525, 27 P.2d 1109, 1111:

"* * * Most claims for compensation are handled by the commission as this one was; that is, there are no formal appearances, no pleadings, no attorneys, and no formal trial. The award is made on the application of the workman and reports of the attending physician and employer, and perhaps supplemented by independent inquiry on the part of the commission. If this award were final, there would be strong reasons for a more thorough investigation of the claim and a more formal hearing at which all parties could be present. But it is not final.

**20**

The statute provides that any party affected by the award, * * * may apply for a rehearing. * * * And in all cases where a rehearing is had the proceeding takes the form of a trial at which interested parties are or may be present in person or by attorney. Thus parties who are dissatisfied with the award may have an opportunity to go into the facts fully and completely upon the rehearing. * * *"

And, in amplification, we said in Hogle v. Arizona Concrete Co., supra [44 Ariz. 1, 33 P.2d 590]:

" * * * This rehearing is always permitted on any award by the rules and regulations of the commission, and it is only where a party has requested a rehearing and has been denied the right at such hearing to present his case in a formal way that he may be heard to complain in this court that the manner in which the award is determined is improper. This rule enables the commission to deal promptly with the applications for compensation, while at the same time a dissatisfied party is amply protected in all of his rights * * *."

Nor is A.R.S. § 23–945, subparagraph B of any benefit to the Commission. This section provides, in part:

"B. Upon receipt of the petition, if the issue raised in the petition has theretofore been adequately considered, the commission shall confirm, without hearing, its previous determination. * * *"

This Court has ruled that no award can be held to have been "adequately considered" within the meaning of the provision unless and until, once at least, an opportunity has been afforded a petitioner to present his case at a hearing of the type herein described. Hogle v. Arizona Concrete Co., supra.

The Commission, however, suggests that petitioner waived any right to a formal rehearing because petitioner failed to make proper allegations in his petition for rehearing, as required by the Commission rules of procedure. Thus, the Commission points out that petitioner failed to allege that his disability did not become manifest until within one year from the time he filed; that he did not raise any new matter or express the desire to produce further material evidence; and that he did not apply to cross-examine any person who had given evidence in this matter.

We would be inclined toward the Commission's view had there been an actual hearing in the first instance. Where, however, as here, no hearing whatsoever has been held prior to the petition for rehearing, and the award has been rendered on a purely informal basis, the law is that any aggrieved party may have a rehear-

ing provided a timely request therefor is made. Hogle v. Arizona Concrete Co., supra. The Commission supported its award on the finding that petitioner's disability manifested itself more than a year prior to the date of filing. By his timely petition for rehearing, petitioner effectively denied the validity of this finding and requested his day in court on the issue. He shall have it.

The award is set aside.

STRUCKMEYER, C. J., and PHELPS, UDALL, and BERNSTEIN, JJ., concurring.