367 P.2d 795

**Roy A. WALLER, Petitioner,**

v.

**HOWARD P. FOLEY COMPANY,
Defendant-Employer,**

and

**The Industrial Commission of Arizona,
Insurance Carrier, Respondents.**

No. 7267.

Supreme Court of Arizona,

En Banc.

Dec. 27, 1961.

**338**

Joseph H. Morgan, Phoenix, for petitioner.

James D. Lester, Phoenix, Edward E. Davis, C. E. Singer, Jr., and Lorin G. Shelley, Phoenix, of counsel, for respondent Industrial Commission of Arizona.

JENNINGS, Justice.

On February 10, 1960 petitioner fell while working on a scaffold. Petitioner now claims injury to his back, shoulder, and neck as a result thereof. He was treated medically and his claim processed to a point where on May 2, 1960, the respondent Industrial Commission found, among other matters, as follows:

"5. That the average monthly wage of applicant prior to said personal injury was the sum of $243.63.

"7. That the medical evidence reflects that said applicant has no physical disability resulting from said accident."

At the same time the Commission made findings and award for temporary disability as follows:·

"$221.41 of which the sum of $182.66 has been paid leaving the balance of $38.75 payable forthwith."

Within the time allowed by law petitioner protested and filed his petition and application for rehearing. The Commission's Rule 38 provides in part that a petitioner:

"* * * must set forth specifically and in detail the grounds * * * for complaint or rehearing, * * * [and] every ground of complaint or defense, * * * not so specified * * * shall be deemed fully and finally waived."

Petitioner's ground of complaint stated:

"A medical report will be forthcoming from Applicant's physician in Arkansas stating that he is presently disabled as a result of an injury arising out of and in the course of his employment."

Petitioner's average monthly wage was not set forth as a ground of complaint. Petitioner made no request to submit testimony.

The Commission thereupon entered its order as follows:

"1. That the medical evidence submitted by said applicant having been reviewed by the Commission and medical advisor and it was found that the disability from which said applicant is suffering is not related to said injury of February 10, 1960.

"2. That no useful purpose could be served by holding a rehearing in the matter."

Petitioner again timely filed application for rehearing alleging grounds of complaint as follows:

"That I did not have an injury of this kind prior to February 10, 1960, which my family Physician for the past 12 years, who has been consulted on all illness during past twelve years will verify. This being Dr. Paul Sizemore, 123 N. Jackson, Magnolia, Arkansas.

"I have a very defective shoulder and arm (right) of which is a result of Feb. 10, 1960 injury, in addition to the injury and surgery of my spine. Surgery performed by Dr. Kenneth Jones."

No reference was made to petitioner's average monthly wage as a ground of complaint.

Further medical reports were then received by mail from doctors in Arkansas and a formal hearing was held November 21, 1960. On the hearing petitioner challenged the correctness of the finding on average monthly wage and the referee refused to accept petitioner's evidence on this point.

January 27, 1961 the Commission entered its decision upon rehearing and its original findings, supra, to the effect that petitioner "has no disability resulting from said accident." Certiorari followed.

■ Petitioner contends first that the Commission erred in its findings as to petitioner's average monthly wage. The Commission claims that the petitioner did not properly raise this ground of complaint because he failed to specifically set it forth in his petition for rehearing. It is contended that petitioner waived his statutory right to have this Court review the award in that particular. The Commission relies on its Rule 38. Essentially Rule 38 follows A.R.S. § 23–945, which provides that an order which is questioned shall be attacked by a petition setting forth specifically and in detail the reasons why the order is unreasonable or unlawful. It also provides that objections not set forth in the petition are deemed finally waived.

We said in O'Neill v. Martori, 69 Ariz. 270, 273, 212 P.2d 994, 996, that there is a distinction between an order and an award. The Commission has attempted in effect to apply a statutory waiver as set forth in A.R.S. § 23–945 to a final award as defined in A.R.S. § 23–901. Under the circumstances of a case such as this where there

has been at most a perfunctory hearing initially, the Commission cannot by rule exert an estoppel or waiver. While in many instances Rule 38 would be salutary in that it would advise the Commission of the narrow limits of the issues or that part of the award which is questioned, we think in the instant case, that it is unduly restrictive and tantamount to denial of due process of law in that it tends to deny the petitioner redress.

In Wammack v. Industrial Commission of Arizona, 83 Ariz. 321, 327, 320 P.2d 950, 954, this Court stated:

> " * * * The granting of a first motion to rehear the award has the effect of setting aside or vacating that award and when on rehearing the cause on its merits, the subsequent award supersedes the former. * * *"

Indeed, a rehearing on the merits necessitates a hearing on all issues that might have been brought in the original hearing. Analogous to this the unqualified reversal of a court judgment is to remand the case for a new trial on all the issues. Odlum v. Duffy, 35 Cal.2d 562, 219 P.2d 785.

■ We have always been solicitous of an applicant. We have previously held that where there has been no previous actual hearing but merely an award rendered on a purely informal basis, the aggrieved party may have a rehearing if a timely request therefor is made. Martin v. Industrial Commission, 88 Ariz. 14, 352 P.2d 352.

■ It is the Commission's duty, if new evidence is extant, to allow such evidence to be properly presented so that the award may be based on the true facts. King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294.

Repeatedly this Court has held that the Industrial Commission's function in making awards is judicial in its nature. Therefore, it is governed by the same general principles as the judgments of the courts. Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997. Unquestionably a cardinal principle applicable to judicial determinations is that every person is entitled to his "day in court" i.e., every aggrieved party should be afforded the opportunity to squarely present his case fully and freely at least once before an impartial tribunal.

Petitioner did not receive opportunity to present the average monthly wage issue before such an impartial tribunal in a formal hearing. Petitioner effectively denied the validity of the original findings by his timely petition for rehearing and thereby requested his day in court.

■ His failure to specifically set forth therein each ground for complaint can not deprive him of formal hearing on all issues previously informally determined. Though the function of the Commission is

judicial in its nature "proceedings before the commission do not require the same formalities as actions in courts of law, and we have always held that where it appears from the record that a bona fide attempt has been made to comply with the statutes and the rules of the commission, we will look to the substance of the attempt and not to the form, * * *." Schultz v. Industrial Commission, 44 Ariz. 357, 358, 360, 361, 37 P.2d 372, 373.

As concerns the second basic issue before this Court, namely, whether the Commission erred in its finding that petitioner suffers no residual disability attributable to his industrial accident February 10, 1960, we find it unnecessary to make a definite holding on this matter for as this Court stated in the case of Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 114, 276 P.2d 534, 535:

> "* * * When an award is set aside, it is the right and duty of the commission to reconsider all the issues of fact involved in the proceedings, including the taking of new evidence if available. In other words, there must be a trial de novo. * * *"

For the above-mentioned reasons, the petitioner is entitled to a rehearing, and the award is set aside.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.