406 P.2d 838

**INTERNATIONAL METAL PRODUCTS DIVISION OF McGRAW–EDISON COMPANY, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona and Everett C. Daugherty, Respondents.**

No. 8453.

Supreme Court of Arizona,

In Division.

Oct. 20, 1965.

Jennings, Strouss, Salmon & Trask, by William R. Jones, Jr., Phoenix, for petitioner.

Chris T. Johnson, Phoenix, for respondent Everett C. Daugherty.

Legal Division, Industrial Commission, for respondent Industrial Commission of Arizona.

UDALL, Justice.

This case is before us by way of certiorari filed by International Metal Products Division of McGraw-Edison Company, hereinafter referred to as employer, alleging the unlawfulness of certain orders of the Industrial Commission granting compensation to a former maintenance helper employed by them, Everett C. Daugherty, hereinafter referred to as claimant.

The record before us reveals that claimant sustained an accidental injury in the course of and arising out of his employment with the employer, on April 27, 1963, which he described to his attending physician as follows:

"Was working in rafters of building, slipped and grabbed roof truss with right hand, felt pain in upper and lower back."

He was treated by Dr. F. R. Rabe, the following morning for muscle strain in the lumbar area and was referred to an orthopedic specialist, Dr. Paul E. Palmer, who examined him first on May 2, 1963, verified the diagnosis of Dr. Rabe, recommended heat and massage therapy and expressed an opinion that a return to regular work in two weeks was anticipated.

Claimant duly filed his claim with the Commission, which was not protested by the employer. On May 31, 1963, the Commission ordered that accident benefits and compensation be paid to the date the attending physician released him to fully resume his regular work. Unbeknownst to the Commission, claimant had been examined by Dr. Rabe four days prior to this order and, in spite of complaints of back pain, was released to fully resume his regular work on May 28, 1963. The report of this examination

was not filed with the Commission, however, until June 5, 1963. In the meantime, claimant had not returned to work and the employer terminated him as of June 5, 1963, apparently for such failure.

Claimant was again seen by Dr. Palmer on July 10, 1963 at which time x-rays revealed degenerative joint disease of the lower thoracic spine with some osteoporosis, and claimant was hospitalized from July 18th to July 22nd, 1963, during which time his condition improved. Dr. Palmer reported to the Commission that claimant would probably be able to return to light work in one or two weeks and to regular work in approximately four to six weeks.

On August 13, 1963, claimant filed a supplemental claim for compensation which included a report from Dr. W. A. Bishop, Jr., an associate of Dr. Palmer, indicating that claimant, in his opinion, was not able to return to regular work at the time of his examination on August 9, 1963; however, in the doctor's opinion, claimant should be able to begin some type of work, other than that performed at the time of injury, as of August 12, 1963. In response to this application, the Industrial Commission, on August 14, 1963, found that claimant was able to perform light work as of August 12, 1963, and ordered the payment of compensation for partial temporary disability equal to 65 percent of the difference between his wage and the wage he was able to earn after discharge for light work.

Such compensation was to be payable until further order of the Commission. Claimant filed several supplemental claims for partial temporary compensation supported by medical reports from various physicians. On February 25, 1964, the Commission issued an order finding that claimant had not been able to resume work at any time since October 28, 1963, and, therefore, directed compensation be paid to the claimant from and after October 29, 1963, until further ordered.

Thereafter the employer duly filed a notice of protest of this award and a petition and application for rehearing alleging the Commission's findings were not justified for the reason they were not supported by the evidence and for the further reason that certain new medical evidence had come to the attention of the employer. Employer further alleged that they intended to introduce new, or additional evidence to the effect the claimant did not suffer the disabilities found by the Commission and that new evidence would be given by Dr. Paul E. Palmer and others. No hearing was held by the Industrial Commission; however, a referee reviewed the medical evidence in the file and recommended that the Commission rescind the order of February 25, 1964. Thereafter, and on March 26, 1964, the Commission followed such recommendation and did rescind the order.

Claimant then filed his petition and application for rehearing alleging, *inter alia,*

the unlawfulness of such award because he had not had a hearing. No formal hearing was held by the Industrial Commission but the file was reviewed by the referee who, this time, recommended rescission of the March 26th order. The Commission then found, on May 7, 1964, that the March 26, 1964 order had been predicated and issued upon a mistake of fact and accordingly rescinded such order and reinstated the order of February 25, 1964, directing that applicant be compensated for temporary partial disability from and after October 29, 1963.

Once more the employer filed a notice of protest of award and petition and application for rehearing, asserting therein that they wished to introduce new, or additional evidence to the effect that appellant's condition was stationary and that he was not disabled from working, such new evidence to be given by Dr. Paul E. Palmer and Dr. E. Thornton Pfeil. The referee again reviewed the file and recommended that the petition be denied as the question raised was one of law and, therefore, a hearing was not necessary. Accordingly, on June 12, 1964, the Commission affirmed the findings and orders of May 7, 1964 and denied the application for rehearing. It is from this latter order that employer petitioned this Court for a writ of certiorari to review the lawfulness of the same, in accordance with the provisions of A.R.S. § 23–951.

The first error assigned by the employer is that due process of law was denied by the refusal of the Commission to hold a hearing at which they might present evidence relevant to the physical condition of the claimant. In support of this contention employer cites A.R.S. § 23–945, subsec. A which provides:

"A. Any employer or other person interested in or affected by an order of the commission may petition for a hearing on the reasonableness and lawfulness of such order by a verified petition filed with the commission. * * "

Respondents reply to this assertion by maintaining that a hearing was not necessary in that medical reports were filed with the Commission, which they had a right to consider and did consider in arriving at their conclusion. There is no merit to this response.

This Court has uniformly held that the function of the Industrial Commission in making awards is judicial in its nature and is governed by the same general principles as the judgments of the courts. One of these principles is that every person is entitled to his day in court and the opportunity to present one's case fully and freely at least once before an impartial tribunal. It has long been the law in this state that an award acquiesced in by all the parties, may be made by the Commission

without a formal hearing; provided always, that a dissatisfied party may have a rehearing on the award at which time he will be given opportunity to present his evidence in the usual manner. Martin v. Industrial Commission, 88 Ariz. 14, 19, 352 P.2d 352; Hogle v. Arizona Concrete Co., 44 Ariz. 1, 33 P.2d 589; Dustin v. Industrial Commission, 43 Ariz. 96, 29 P.2d 155; Edens v. L. E. Dixon Construction Company, 42 Ariz. 519, 27 P.2d 1107; Doby v. Miami Trust Company, 39 Ariz. 228, 5 P.2d 187.

Respondents also contend that a rehearing was not necessary because of the provisions of A.R.S. § 23–945, subsec. B which provides in pertinent part that:

"* * * if the issue raised in the petition has therefore been adequately considered, the commission shall confirm, without hearing, its previous determination. * * *"

No award can be held to have been "adequately considered" within the meaning of this statute unless and until, once at least, an opportunity has been afforded a petitioner to present his case at a hearing where he was given the opportunity to present his evidence in the usual manner and cross-examine adverse witnesses. Hogle v. Arizona Concrete Company, supra, 44 Ariz. at 6, 33 P.2d 589. No such opportunity having been afforded employer, this cause must be remanded to the Commission for a formal hearing to provide employer with its "day in court" to which it is entitled. At such hearing it should be given the opportunity to present evidence in the usual manner and cross-examine the adverse witnesses.

We also find no merit in respondents' contentions that a hearing was unnecessary because only questions of law were at issue and that this order was not a final award. The former assertion is untenable as the Commission, itself, in its order of May 7, 1964, in which they rescinded their order of March 26, 1964, and reinstated the order of February 25, 1964, made a specific finding that they were doing so because the May 26th order was "predicated and issued upon a mistake of fact." Neither can we agree with the latter assertion that an aggrieved person is only entitled to a hearing on a final award. Except in claims for death benefits, the Commission can never ascertain whether an award is final. Most awards have an element of finality as to the granting or denying of the benefits sought by the application which precipitated said order; however, it retains jurisdiction of all compensation cases for the purpose of altering, amending or rescinding its findings and award at the instance of either employee, insurer or employer, (a) upon showing a change in physical condition of the employee subsequent to findings and award, arising out of the injury, resulting in reduction or increase of earning ca-

pacity, (b) upon a showing of reduction of earning capacity of employee arising out of the injury, where there is no change in his physical condition, subsequent to the findings and award, and (c), upon a showing that earning capacity has increased subsequent to findings and award. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118; Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217.

▮ Employer has set forth two other assignments of error, namely, the failure of claimant to serve it with a copy of his application for rehearing as required by Rule 40 of the Rules of Procedure, 16 A.R.S., promulgated by the Industrial Commission, and that the award of temporary partial disability compensation was unlawful and contrary to the evidence. It is unnecessary for us to make a definite holding on these matters as the award is set aside for the reasons previously set forth herein. It now becomes the right and duty of the Commission to reconsider all the issues involved in the proceedings. Waller v. Howard P. Foley Co., 90 Ariz. 337, 367 P.2d 795; Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534.

The award is set aside and the cause remanded to the Industrial Commission.

STRUCKMEYER, V. C. J., and BERNSTEIN, J., concur.