458 P.2d 961

**Earl BERGSTRESSER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, State Compensation Fund, Respondents.**

**No. 9553.**

Supreme Court of Arizona.

In Banc.

Sept. 25, 1969.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Cecil A. Edwards, Jr., Phoenix, for respondent State Compensation Fund.

Michael A. Lasher, Phoenix, for respondent Industrial Commission of Arizona.

LOCKWOOD, Vice Chief Justice:

We issued a peremptory writ of mandamus ordering the Industrial Commission to hold a hearing within two weeks from April 29, 1969. This was upon petitioner's showing of a delay of some eight months after his request for opportunity for a hearing (designated rehearing) at which he might be heard in his protest against the Commission's original award denying him compensation. This opinion is in explanation of our order for issuance of the writ.

Petitioner, Earl Bergstresser, was injured on January 1, 1967, in an accident arising out of and in the course of his employment. At the time of the accident petitioner was employed in the State of Arizona by Western Greyhound Lines, which was insured against liability by the Industrial Commission of Arizona. Petitioner filed a claim for benefits which was accepted on February 2, 1967.

After considering the reports of four physicians the Industrial Commission, on September 18, 1968, issued its Findings and Award for Temporary Disability. The award provided for accident benefits until August 29, 1968, and compensation for temporary disability for two periods, the last being through August 29, 1968. The award stated that petitioner had sustained no physical or mental disability as a result of the industrial accident. Petitioner filed a timely petition for a hearing (designated "rehearing" pursuant to usual procedure) in regard to the Commission's findings and award.

No hearing having been held on the petition prior to April 29, 1969, petitioner sought a writ of mandamus from this Court to compel the respondent Industrial Commission to reinstate payment pursuant to the temporary disability schedule in effect until August 29, 1968. Petitioner's frustrations at the failure of the Commission to act on his request for a hearing were exacerbated by the fact that his attending physician, while discharging him from further treatment, had not released him to return to work. Consequently, his former employer refused to return him to his job. We, however, ordered the Industrial Commission to hold a hearing within two weeks from the day we issued the peremptory writ.

Initially respondent argued that the writ of mandamus should not be granted, because A.R.S. § 23–951 gives petitioner an adequate remedy at law. This statute provides in pertinent part:

"A. Within thirty days after an application for a rehearing is denied, or if the application is granted, within thirty days after rendition of the decision on a rehearing, any party affected thereby may apply to the supreme court for a writ of certiorari to review the lawfulness of the award."

We find no merit in respondent's position. Unless the Commission either has

rendered a decision on rehearing or denied the application for one, the remedial provisions of this statute do not come into play. In this situation where the respondent did not deny the application for the rehearing, but rather delayed a date for the hearing for eight months, A.R.S. § 23–951 provides petitioner with no remedy whatsoever. Conceivably respondent could postpone a hearing indefinitely and still not fall within the ambit of this section.

Respondent devotes much of his argument to the proposition that due process of law does not require the Industrial Commission to hold a hearing prior to its entry of an award; that due process is satisfied if a hearing is held at some point before the award becomes final. Russell v. Industrial Commission (City of Tucson), 104 Ariz. 548, 456 P.2d 918 (1969); International Metal Products Division of McGraw-Edison Company v. Industrial Commission, 99 Ariz. 73, 406 P.2d 838 (1965); Waller v. Howard P. Foley Company, 90 Ariz. 337, 367 P.2d 795 (1961). However, by its undue delay in scheduling such a hearing the Industrial Commission has in effect finalized this award without affording petitioner his day in court. Such action clearly does not comport with established conceptions of due process and fair play.

▪ Finally, respondent contends that, while A.R.S. § 23–948 provides that the Supreme Court may issue a writ of mandamus to the Industrial Commission in "proper cases", this is not one of those "proper cases". We are of the opinion it is.

▪ One of the primary purposes of the Workmen's Compensation Act is to provide a procedure by which claims arising out of industrial accidents may be promptly resolved. See Industrial Commission of Colorado v. Globe Indemnity Co., 145 Colo. 453, 358 P.2d 885 (1961). However, at the time application for the writ of mandamus was heard, eight months had passed without petitioner ever being given the opportunity of a hearing on the award entered by the Industrial Commission. In International Metal Products Division of McGraw-Edison Company, *supra,* we held the Industrial Commission must grant a hearing to a party who is dissatisfied with an award:

"No award can be held to have been 'adequately considered' within the meaning of this statute (A.R.S. § 23–945) unless and until, *once at least,* an opportunity has been afforded a petitioner to present his case at a hearing where he was given the opportunity to present his evidence in the usual manner * * *." 99 Ariz. at 78, 406 P.2d at 841. (Emphasis added.)

And in Cagle Bros. Trucking Service v. Arizona Corporation Commission, 96 Ariz. 270, 394 P.2d 203 (1964) where we ordered the Commission to hold a hearing upon proper application, we stated:

"Mandamus lies to require an administrative body to exercise its discretion which it has the duty to perform, even though it cannot require it to be exercised in any particular manner." 96 Ariz. at 272, 394 P.2d at 205.

In light of the above cases we believe that the petitioner has indeed presented one of those "proper cases" for mandamus. See Thiel v. Industrial Commission, 97 Ariz. 49, 396 P.2d 617 (1964).

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.