NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LARRY PARR, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*

UNITED CIVIL GROUP, *Respondent Employer,*

VALLEY FORGE INSURANCE, *Respondent Carrier.*

No. 1 CA-IC 23-0018
FILED 06-04-2024

Special Action – Industrial Commission
ICA Claim No. 20150820059
Carrier Claim No. E3A46729 F9
The Honorable Amy L. Foster, Administrative Law Judge

**AFFIRMED**

COUNSEL

Larry Parr, Tempe
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ritsema Law, Phoenix
By Kelly F. Kruegel
*Counsel for Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster[1] delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1          Petitioner Larry Parr appeals an Industrial Commission of Arizona ("ICA") decision denying Parr's petition to reopen his claim because he did not establish a new, additional, or previously undiscovered condition of his industrial injury. This Court affirms the ICA's denial.

**FACTS AND PROCEDURAL HISTORY**

¶2          On February 13, 2015, Parr sustained an industrial injury when a tire blew out on his work vehicle, causing it to spin, flip and roll while traveling approximately 80 mph. As a result of the accident, he broke his back, humerus, shoulder, and collar bone. Once discharged from the hospital, he was treated by several physicians specializing in orthopedic and other traumatic injuries, as well as his primary care physicians. Due to complaints of unresolved issues, Parr was also treated by a psychiatrist and was evaluated by neuropsychologists. Parr received benefits for his injuries from 2015 until 2017. The insurance carrier closed his claim without a permanent impairment, effective January 6, 2017.

¶3          On March 6, 2017, Parr filed a Request for Hearing protesting the closure of his claim without permanent impairment. Hearings were held throughout 2017, where testimony and evidence were presented by physicians stating that Parr was exaggerating his injuries and that his injury was medically stationary. The Administrative Law Judge ("ALJ") issued a decision finding Parr's industrial injury was medically stationary as of January 6, 2017, and he was not entitled to additional temporary-total or partial-disability workers' compensation. On November 21, 2017, Parr filed a request for review and the ALJ issued a decision affirming the prior decision. Parr appealed that decision to this Court which affirmed the ALJ's

---

[1] Judge Foster is not nor has ever been related to ALJ Foster.

decision. *See Parr v. Indus. Comm'n*, 1 CA-IC 18-0007, 2018 WL 6616965 (Ariz. App. Dec. 18, 2018) (mem. decision).

**¶4**       A little over two years later, on January 3, 2022, Parr petitioned to reopen his claim for benefits, alleging that the injuries sustained in the accident had worsened and that he was suffering from several new issues that were the result of the accident. Medical assessments were conducted, and formal hearings were held throughout 2022 and 2023 resulting in the ALJ denying Parr's request to reopen his claim in February 2023.

**¶5**       Again, Parr filed a request for review and the ALJ affirmed the decision in August 2023. This special action appeal followed. This Court has jurisdiction pursuant to A.R.S. §§ 12-120.21(B), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶6**       As a preliminary matter, this Court addresses Respondent's contention that Parr's opening brief does not comply with Rule 13(a), Arizona Rules of Civil Appellate Procedure, and that he therefore has waived any argument made in his brief. Ariz. R.P. Spec. Act. 10(k) (Arizona Rules of Civil Appellate Procedure apply to special action review of ICA awards). Rule 13(a) requires the appellant's brief to concisely and clearly set forth under the appropriate headings a statement of the case, the facts relevant to the appeal, and the issues presented for review. Ariz. R. Civ. App. P. 13(a)(4)–(6). In addition, the brief must include an argument containing the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on. Ariz. R. Civ. App. P. 13(a)(7).

**¶7**       This Court agrees that Parr has failed to comply with Rule 13(a). His brief does not contain the issues presented for review. *See* Ariz. R. Civ. App. P. 13(a)(5). Parr also has failed to develop his argument or to support it with any case law or statutes. *See* Ariz. R. Civ. App. P. 13(a)(7). Despite Parr's pro se status, he is held to the same standards as an attorney. *See Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). Parr's lack of compliance with Rule 13(a) thus constitutes a waiver of the issues on appeal. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (appellant's failure to support argument waives issue on appeal). However, in this Court's discretion and because it prefers to resolve cases on their merits, this Court addresses Parr's cognizable arguments. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).

**¶8**        "In reviewing findings and awards of the ICA, [this Court] defer[s] to the ALJ's factual findings but review[s] questions of law de novo." *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008). The evidence is viewed in the light most favorable to upholding the ALJ's decision. *Id*. The ALJ has the primary responsibility to resolve conflicts in medical opinion evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988); *see also Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000) (reviewing court is bound by ALJ's resolution of conflicting testimony when reasonable evidence supports the ALJ's conclusion). Arguments related to the 2017 decisions are waived.

**¶9**        To begin, Parr argues that the 2017 ruling closing his claim was incorrect. But Parr's ability to appeal that decision has run. When a person is dissatisfied with an order of the ICA, A.R.S. § 23-948 provides jurisdiction to the appellate court to hear the appeal. Here, Parr appealed the 2017 ALJ decision to this Court, which affirmed the ALJ's decision. *See Parr*, 1 CA-IC 18-0007, 2018 WL 6616965, at *1, ¶ 1. This Court is unable to set aside or amend that decision. *See Colasacco v. Indus. Comm'n*, 14 Ariz. App. 422, 423 (1971).

**¶10**        But the ICA retains jurisdiction of an award and claim—even after appeal—"for the purpose of altering, amending or rescinding its findings and award." *Int'l Metal Prods. Div. of McGraw-Edison Co. v. Indus. Comm'n*, 99 Ariz. 73, 78 (1965). This can occur upon a showing, related to the injury, of a subsequent change in the claimant's physical condition or reduction of earning capacity. *Id.* at 78–79. A workers' compensation claimant bears the burden "to prove by a preponderance of evidence that he is entitled to compensation." *Hahn v. Indus. Comm'n*, 227 Ariz. 72, 74, ¶ 9 (App. 2011).

**¶11**        Here, Parr's request to reopen resulted in an evidentiary hearing where medical experts provided testimony as to Parr's condition. First, Drs. Valdes and Crandall testified regarding Parr's cervical and lumbar spine. Both experts testified that the cervical spine injured in the accident was healed, even stating that his current problems were due to degenerative spondylosis and Diffuse Idiopathic Skeletal Hyperostosis, not the industrial injury. Though Dr. Valdes did note a clear progression in the instability at L5–S1 vertebrae that he attributed to the industrial injury, Dr. Crandall testified that Parr did not sustain an injury to his lumbar spine in the accident and any findings were due to degenerative arthritis. The ALJ found a conflict in the expert medical evidence regarding the lumbar spine and adopted Dr. Crandall's conclusion.

¶12      Next, Drs. Shaarawy and Ferry testified to Parr's right hip, bilateral shoulders and knees, and right ankle. Both stated the hip required treatment but could not relate the need for such treatment to the industrial injury, adding that Parr had early arthritis. Regarding the shoulder, Parr completed some physical therapy. However, Dr. Shaarawy testified that Parr had a rotator cuff tear in his right shoulder that required physical therapy and potential surgery, while Dr. Ferry stated that Parr sustained a fracture in the accident, not a rotator cuff tear, and did not recommend additional treatment. For the conflicting expert medical opinion, the ALJ adopted Dr. Ferry's conclusions as more probably correct. Parr stated that his knees require surgery, but both experts testified that they could not relate the knee injury to the accident. The experts also stated that the right ankle injury could not be related to the accident.

¶13      Lastly, Drs. Cardenas and Kahn testified regarding Parr's traumatic brain injury. Dr. Cardenas testified that no new, additional, or previously undiscovered conditions were related to the industrial injury, but that Parr continues to need supportive care for the injury. He stated the supportive care should consist of annual appointments with Dr. Cardenas, trigger point injections, medications, and neuropsychiatric treatment. Dr. Kahn noted Parr had an essentially normal neurological exam with some non-organic findings that he could not explain neurologically. He diagnosed a resolved mild traumatic brain injury and found Parr did not need additional medical treatment related to the accident. The ALJ adopted Dr. Kahn's conclusions over Dr. Cardenas' conflicting opinion.

¶14      After the ALJ determined the opinions of Drs. Crandall, Ferry, and Kahn were "more probably correct," the ALJ determined and found that Parr did not meet his burden of proof and that a preponderance of the evidence did not prove the elements required by A.R.S. § 23-1061(H) to reopen the industrial injury claim.

¶15      Parr argues that the ALJ erred in determining that he had no new or undiscovered evidence to reopen his case because the ALJ's resolution of conflicting medical opinions was unreasonable. Parr also argues on appeal that Drs. Valdes', Shaarawy's, and Cardenas' testimony were more persuasive than Drs. Crandall's, Ferry's, and Kahn's. This Court views the evidence in the light most favorable to sustaining the ALJ's decision and will not disturb the decision if reasonable evidence supports the ALJ's findings. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). "[T]his appellate court may only review the evidence which was before the [ICA]," *O'Neal v. Indus. Comm'n*, 13 Ariz. App. 550, 552 (1971), and will defer to the ALJ's resolution of conflicting evidence, *Kaibab Indus.*,

196 Ariz. at 609, ¶ 25. The ALJ's decision will be affirmed if any reasonable theory of the evidence supports it. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975). An award based on conflicting medical testimony will not be disturbed. *Smiles v. Indus. Comm'n*, 2 Ariz. App. 167, 168 (1965).

**¶16**       Here, the evidence presented the ALJ with multiple conflicting medical opinions about the ongoing condition of Parr's injuries. The conclusion that the opinions of Drs. Crandall, Ferry, and Kahn were more credible is reasonable based on the evidence presented. The ALJ was not compelled to follow the opinions of Drs. Valdes, Shaarawy, and Cardenas, and this Court will not disturb the ALJ's resolution of the conflict. Where two different inferences may be drawn from the evidence, the ALJ has the discretion to resolve those conflicts and choose either inference; a reviewing court will not disturb that choice unless it is wholly unreasonable. *Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965).

## CONCLUSION

**¶17**       This Court affirms the decision, upon review, denying the petition to reopen the claim.

