394 P.2d 203

**CAGLE BROS. TRUCKING SERVICE,**
a Co-Partnership, Petitioner,

v.

The **ARIZONA CORPORATION COMMIS-SION, E. T. "Eddie" Williams, Jr., Jack Buzard and John P. Clark, as members of, and constituting said Commission, Respondents.**

**No. 8254.**

Supreme Court of Arizona.

En Banc.

July 15, 1964.

Lutich, D'Angelo & Wilson, Phoenix, for petitioner.

Robert W. Pickrell, Atty. Gen., Frank Sagarino, Asst. Atty. Gen., for respondents.

JENNINGS, Justice.

Petitioner, a co-partnership doing business under the name of Cagle Bros. Trucking Service, filed this original application in mandamus to compel respondents, the members of the Arizona Corporation Commission, to grant petitioner a hearing on its application for a Certificate of Convenience and Necessity.

On December 12, 1963, petitioner filed an application for a Certificate of Convenience and Necessity to act as a common carrier within the State of Arizona. A.R.S. § 40–607, Subs. A, as amended, provides that the application shall contain certain specific information enumerated therein plus "such other information" as the Commission requires. The statute also requires the application to be made upon such forms as the Commission prescribes.

Petitioner, in accordance with the statute, filled out the standard form provided by the Commission and placed therein the matters required by the statute. The Commission thereupon set a date for hearing the application. On the date set for hearing, a number of existing certificated carriers moved to dismiss the application on the ground that it did not contain any allegation that the services being rendered by them, the present certificate holders, were inadequate or that the services to be performed by petitioner were unique or different from those being performed by existing carriers. No complaints concerning the services being rendered by the existing carriers had been filed with the Commission at this time. Petitioner's attorney stated he desired to show at the hearing the inadequacy of the present services. The motion to dismiss was granted whereupon this petition for mandamus was brought.

Petitioner contends that after having filled out the form supplied by the Commission and after having placed therein the information required by the statute, respondents then have an absolute duty to give petitioner a hearing on its application; and that it does not have a plain, speedy and adequate remedy at law with which to compel respondents to perform their duty. Respondents contend that it has been a long standing practice of the Arizona Corporation Commission not to entertain applications such as the one here unless the

applicants present to the Commission, either by the application or complaint, matters indicative of inadequacy or insufficiency of the services then being given to the public by the carriers already in the field.

It is contended that the petition should be dismissed for the following reasons:

1. That the petition does not comply with rule 1(b), Rules of Supreme Court, in that it does not set forth the circumstances which in the opinion of the petitioner render it proper that the writ should issue originally from the Supreme Court and not from the Superior Court;

2. The action of the Commission in dismissing the application without a hearing was within the Commission's jurisdiction and such decision is not subject to collateral attack.

3. The action of the Commission was proper, in that the Commission's practice requiring an applicant to ·allege any complaints regarding existing carriers or that the services which it will render are unique and different from those now being given by the present carriers is the only proper procedure to afford existing carriers due process and a reasonable opportunity to defend themselves.

■ We have original jurisdiction of mandamus as to all state officers. Art. 6, § 4, Arizona Constitution, A.R.S. Mandamus lies to require an administrative body to exercise its discretion which it has the duty to perform, even though it cannot require it to be exercised in any particular manner. Arizona State Highway Commission v. Superior Court of Maricopa County, 81 Ariz. 74, 299 P.2d 783.

■ A.R.S. § 40–607, as amended, provides that an application for a certificate of Convenience and Necessity shall conform to certain prescribed requirements. The Commission, upon the receipt of a proper application, shall conduct a hearing. After the hearing, the Commission has the discretion to grant or deny the certificate. The statute therefore, by its very terms, contemplates that the Commission must grant a hearing upon the receipt of a proper application. In the situation where there are already carriers in the field, a certificate may not be granted (with certain exceptions set forth in the statute) until there has been given to the existing carriers an opportunity to provide services deemed satisfactory and they have failed to do so.

■ The Commission acted without jurisdiction in dismissing the application

without a hearing. A.R.S. § 40–607, Subs. A, paras. 1–5, as amended, provide that certain particular matters be set forth in the application. Petitioner complied with those provisions. By paragraph 6, however, it is provided that the application shall contain "such other information" as the Commission requires. What respondents argue in effect is that because of this latter provision, they can require an applicant to set out in the application that the services being rendered by present certificate holders are inadequate or that the applicant will offer new and unique services. This the Commission may require but not without adopting a written rule or regulation in compliance with the Arizona Administrative Procedure Act, A.R.S. § 41–1004, which it has not done.

Lacking a formally adopted rule, information concerning the inadequacy of the present services could be elicited at the hearing. Such was not permitted when petitioner's application was dismissed. Hence the dismissal of the application was arbitrary and capricious and in failing to conduct a hearing the Commission acted without jurisdiction. The Commission is hereby ordered to grant petitioner the hearing which is requested.

Alternative writ made permanent.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.