482 P.2d 895

The CIVIL SERVICE COMMISSION OF the CITY OF TUCSON, the City of Tucson, and William J. Gilkinson, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, the Hon. Lloyd C. Helm and Alice Truman, Judges thereof; and Mark EVANS, Real Party in Interest, Respondents.

No. 2 CA–CIV 968.

Court of Appeals of Arizona, Division 2.

March 24, 1971.

Lewis C. Murphy, City Atty., by Barry M. Corey, Asst. City Atty., Tucson, for petitioners Civil Service Commission of the City of Tucson and City of Tucson; by Jeffrey Ross, Asst. City Atty., Tucson, for petitioner William J. Gilkinson.

Quigley & Quigley, by John M. Quigley, Tucson, for Real Party In Interest.

HOWARD, Judge.

Prior to November 25, 1970, Mark Evans, respondent in this petition for special action, was a permanent employee of the Tucson City Police Department. On November 25, 1970, Evans submitted his resignation to the Department. Respondent was asked to resign apparently because of several incidents he was allegedly involved in, which the Police Department felt, showed him to be "unacceptable" as a police officer.

On December 11, 1970, Evans filed a notice of appeal with the Civil Service Commission of the City of Tucson regarding the termination of his employment. This appeal was filed pursuant to Rule XII, Section 4(a), Rules and Regulations of the Civil Service Commission which provides for a hearing upon termination of employment, before the Commission, within thirty days after receipt of appeal.

On or about January 14, 1971, the Commission accepted jurisdiction of the appeal because it found the resignation might have been given under duress and the hearing was set for February 12, 1971. On February 12th, a quorum of the Commission was not present and therefore no hearing was held. The hearing was rescheduled for February 18, 1971.

On February 17, 1971, Evans filed a special action in the Superior Court of Pima County (civil action No. 124673) claiming he had not received a hearing within the prescribed period of thirty days. In this action, Evans sought to compel petitioners herein to restore him to his former position as a police officer and to pay him all lost compensation. In conjunction with the complaint, Evans secured a temporary restraining order, restraining the Commission, the City of Tuscon, and William J. Gilkinson, Chief of Police, from proceeding with any hearing on the appeal filed by Evans.

The hearing in civil action 124673 was set for March 2, 1971. Petitioners herein have come before this court seeking a special action to prevent the Superior Court from proceeding, claiming they, the petitioners, have no plain, speedy or adequate remedy other than this special action.

It is petitioners' contention that the Superior Court lacked jurisdiction to grant the aforementioned restraining order and lacks jurisdiction to proceed with cause No. 124673 because the Commission has not yet heard the appeal or made any adjudication thereon.

Chapter XXII, Section 3(c), Charter of the City of Tucson, Chapter 10–10(12), Tucson City Code and Rule XII, Section 4(c), Rules and Regulations of the Civil Service Commission provide for a hearing before the Commission for discharged employees of the City.

The Civil Service Commission is a local board invested with quasi-judicial powers set up for the purpose of passing upon factual issues regarding employees of the City of Tucson. While the Superior Court may review decisions of the Commission, in the interest of limiting confusion and fulfilling the purposes of the Commission, they and not the Superior Court should determine these factual issues, at least in the first instance. C.F. Ware v. Retirement Board of City and County of San Francisco, 65 Cal.App.2d 781, 151 P.2d 549 (1944).

Also it has been held that a civil service commission is " * * * a board * * * with continuing existence. It does not lose jurisdiction over a discharge proceeding merely by lapse of time." Steen v. City of Los Angeles, 31 Cal.2d 542, 190 P.2d 937 (1948). In the case *sub judice*, the Commission, even though not granting Evans' hearing within the prescribed thirty day limit, did reschedule it for six days after this limit. This lapse of time then did not divest the Commission of its jurisdiction.

Respondents have cited us cases wherein, upon the failure of a board to grant a hearing within a prescribed time, the discharged person was reinstated. Examination of these cases reveals that in those instances of reinstatement, the specific statutory language involved required a hearing *prior* to discharge of an employee or provided specifically for reinstatement upon failure to grant the hearing within the prescribed time. Our provisions have no such requirement but rather only require a hearing within thirty days of appeal.

The proper remedy to compel a civil service board to perform its duties prescribed by the charter is a writ in the form of mandamus compelling an administrative body to exercise its duties. Cagle Brothers Trucking Service v. Arizona Cor-

poration Commission, 96 Ariz. 270, 394 P. 2d 203 (1964); McGee v. Arizona State Board of Pardons and Paroles, 92 Ariz. 317, 376 P.2d 779 (1962); Walker v. County of Los Angeles, 55 Cal.2d 626, 12 Cal. Rptr. 671, 361 P.2d 247 (1961); Steen v. City of Los Angeles, supra. The only action available from the Superior Court would be in the form of a mandamus action compelling the Commission to give Evans the hearing to which he is entitled.

Under the posture of the pleadings below, the trial court exceeded its jurisdiction in this matter by entering the restraining order.

The relief is granted and the trial court is directed to grant petitioners' motion to quash the restraining order.

KRUCKER, C. J., and HATHAWAY, J., concur.