805 P.2d 1019

Franz **ROTTER, South Grand Canyon Hospitality, Inc., an Arizona corporation, Plaintiffs–Appellees Cross Appellants,**

v.

**COCONINO COUNTY; Coconino County Planning and Zoning Commission; and William L. Towler, Director of the Coconino County Department of Community Development, Defendants–Appellants Cross Appellees.**

**No. 1 CA–CV 88–566.**

Court of Appeals of Arizona,
Division 1, Department C.

June 29, 1990.

Review Granted March 5, 1991.

John Verkamp, Coconino County Atty. by Terence C. Hance, Chief Deputy County Atty., Flagstaff, for defendants-appellants cross appellees.

Perry, Pierson & Kolsrud by Russell A. Kolsrud and Mark D. Svejda, Phoenix, for plaintiffs-appellees cross appellants.

## OPINION

CONTRERAS, Presiding Judge.

In this appeal, we consider the issue of whether A.R.S. § 11–830(B) authorizes the expansion of a nonconforming business use onto an adjoining parcel which was not previously subject to the nonconforming use and which lies in a district zoned differently than the property subject to the nonconforming use. We conclude that the statute authorizes such an expansion of a nonconforming business use and affirm the trial court's order requiring Coconino County to issue a building permit authorizing the expansion of appellees' hotel up to one hundred percent of the area of the original hotel.

In the cross-appeal, the issue presented is whether the trial court erred in failing to award attorney's fees to appellees pursu-

ant to A.R.S. § 12–2030. We conclude that the trial court erred in failing to award attorney's fees to the prevailing party. Accordingly, we reverse the order of the trial court denying appellees' request for attorney's fees and remand the matter for entry of judgment awarding attorney's fees in the full amount requested.

## FACTS AND PROCEDURAL HISTORY

The facts essential to resolution of this litigation are not in dispute. Appellees, South Grand Canyon Hospitality, Inc. and its president, Franz Rotter, operate a 77–unit hotel at Tusayan, Arizona, which is located in Coconino County near the south rim of the Grand Canyon. Appellees had constructed the hotel in 1980 on Assessor's Parcel Number 502–17–11G (hereinafter "11G"), which they lease from the American Legion. The hotel occupies virtually all of parcel 11G. At that time, parcel 11G and surrounding parcels 502–17–10B and –10D (hereinafter "10B" and "10D") were zoned R–3 under a 1974 Coconino County Zoning Ordinance. Under the 1974 Ordinance, hotels were a permitted use in the R–3 zone.

In August 1981, Coconino County adopted a new zoning ordinance under which parcels 11G, 10B and 10D were re-zoned to RM–10/A. Sometime prior to 1987, parcels 10B and 10D were rezoned a second time to RM–20/A. Hotels are not a permitted use under either RM–10/A or RM–20/A zones. As a result of the zoning changes, appellees' hotel became a nonconforming use.

In 1987, appellees purchased portions of parcels 10B and 10D which later became designated as Assessor's Parcel Number 502–17–10G (hereinafter "10G"). Parcel 10G abuts the north side of parcel 11G.[1]

Appellees applied to the Coconino County Planning and Zoning Commission for authorization to expand the hotel by one hundred percent of the area of the hotel onto parcel 10G. The commission denied appellees' request for a conditional use permit,

which is required under the zoning ordinance for expansion of a nonconforming business use. The denial was made on the grounds that the commission had no jurisdiction to grant the expansion of the nonconforming use. The commission similarly denied appellees' request for a building permit.

Appellees brought a special action in Coconino County Superior Court from the decision of the Coconino County Planning and Zoning Commission. Appellees maintained that they were entitled to an expansion of the hotel onto parcel 10G pursuant to A.R.S. § 11–830(B) which provides:

> A nonconforming business use within a district may expand if such expansion does not exceed one hundred per cent of the area of the original business.

Following a change of venue to Navajo County Superior Court, appellees filed a motion for judgment on the special action. After hearing the motion, the trial court determined that the specific restrictive language of A.R.S. § 11–830(B) precluded any further restriction by the county on the expansion of the existing business and that the county had no authority to restrict the expansion of a business across different zoning districts. The trial court found that the county was protected from further expansion of the nonconforming use by the language of A.R.S. § 11–830(B). The trial court ordered Coconino County to issue a building permit allowing appellees to expand the hotel onto the abutting parcel up to one hundred percent of the area of the original hotel.

Appellees requested attorney's fees pursuant to A.R.S. § 12–2030, which authorizes an award of attorney's fees to a party prevailing in an action to compel an officer of a political subdivision of the state to perform an act imposed by law. In its minute entry, the trial court ruled that the relief requested in this case was in the nature of mandamus, but denied appellees' request for attorney's fees.

1. Attached to this opinion is a drawing depicting the site of appellees' existing hotel and the site of the proposed expansion.

Appellants, Coconino County and the Planning and Zoning Commission, appeal from the order requiring the county to issue the building permit. Appellees cross-appeal from the denial of their request for attorney's fees.[2]

## DOES A.R.S. § 11–830(B) AUTHORIZE EXPANSION OF A NONCONFORMING BUSINESS USE ONTO AN ABUTTING PARCEL?

■ The trial court interpreted A.R.S. § 11–830(B) as allowing appellees to expand their nonconforming business use by one hundred percent onto their adjoining parcel of property which had not previously been subject to the nonconforming use and which was zoned differently than the property which was already subject to the nonconforming use. The appellants argue that the trial court's interpretation of the statute is erroneous. Because the trial court's ruling was a conclusion of law, this court is not bound by the conclusion. *City of Scottsdale v. Thomas*, 156 Ariz. 551, 552, 753 P.2d 1207, 1208 (1988). We conclude that the trial court correctly determined that the statute allows expansion of a nonconforming business use onto the abutting property up to one hundred percent of the area of the original business and that, under the circumstances presented, appellees are entitled to a building permit allowing one hundred percent expansion of the hotel onto parcel 10G.

Legislation providing for zoning of real property located within a county is found in A.R.S. § 11–801 *et seq.* Within the zoning statutes, the county is given broad authority to initiate and enforce planning and zoning controls. A.R.S. § 11–802 directs the county board of supervisors to "plan and provide for the future growth and improvement of its area of jurisdiction", form, a planning and zoning commission and adopt planning and zoning regulations and ordinances. A.R.S. § 11–821 allows the commission to formulate and adopt a comprehensive long-term county plan for the development of the area within its jurisdiction.

A.R.S. § 11–830, however, places certain restrictions on the county's authority to regulate the use of property within its jurisdiction. Subsection (A)(1) of the statute, allowing for the continuation of nonconforming uses, provides that "[n]othing contained in any ordinance authorized by this chapter shall [a]ffect existing uses of property or the right to its continued use or the reasonable repair or alteration thereof for the purpose for which used at the time the ordinance affecting the property takes effect." Subsection (B), which is central to this appeal, provides that "[a] nonconforming business use within a district may expand if such expansion does not exceed one hundred per cent of the area of the original business."

Appellees argue that, since A.R.S. § 11–30–830(B) contains no language expressly limiting the property upon which expansion can take place to the original parcel, the statute must be construed to allow expansion to the adjoining parcel. The county argues for a more narrow construction of the statute. Specifically, the county contends that A.R.S. § 11–830(B) does not authorize expansion of a nonconforming business use onto a parcel which was not previously burdened by the non-

---

2. In a related case, *Rotter v. Coconino County,* appellee, Franz Rotter, filed a petition to rezone parcels 10B and 10D from residential to commercial and filed an application for a conditional use permit to enable the parcels to be used for an 86–unit hotel and restaurant. Several surrounding property owners filed protests to the requested zoning change. A.R.S. § 11–829(C) provides that "if twenty per cent of the owners of property by area and number within the zoning area file a protest to the proposed change, the change shall not be made except by the unanimous vote of all members of the board." In that case, this court considered whether the term "zoning area" as used in A.R.S. § 11–829(C) referred to the particular parcel or parcels affected by the proposed zoning change or to the 300–foot perimeter defined in A.R.S. § 11–829(A) from which the proponent of a zoning change must secure consents. The court concluded that the term "zoning area" referred to the 300–foot perimeter and because twenty percent of the owners surrounding parcels 10B and 10D protested the proposed zoning change a unanimous vote by the board was required to approve the zoning change. 167 Ariz. 210, 805 P.2d 1031 (App.).

conforming use and which lies within a different zoning district than the nonconforming business use.

The zoning ordinance adopted by the Coconino County Board of Supervisors does not provide an absolute right to expand a nonconforming business use beyond the original parcel burdened by the nonconforming use. Section 17.3(B) provides that:

> No non-conforming use shall be enlarged or extended in such a way as to occupy any part of the structure or site or another structure or site which it did not occupy at the time it became a non-conforming use, or in such a way as to displace any conforming use occupying a structure or site, except as permitted in this Section.

Section 17.11(C) provides in relevant part:

> In any zone, subject to the granting of a conditional use permit, a non-conforming business use may expand if such expansion does not exceed one hundred percent (100%) of the floor area of the original business....

Section 18.2 outlines the procedure for obtaining a conditional use permit required by the ordinance before expansion of a nonconforming use may be authorized. Section 18.2–7 provides that the commission must be able to make the following findings before granting a conditional use permit:

A. That the proposed location of the Conditional Use is in accord with the objectives of this Ordinance and the purpose of the zone in which the site is located.

B. That the proposed location of the conditional use and conditions under which it would be operated or maintained will not be detrimental to the public health, safety, or welfare, or materially injurious to properties or improvements in the vicinity.

C. That the proposed conditional use will comply with each of the applicable provisions of this Ordinance, except for approved variances.

D. That the proposed conditional use is consistent with and conforms to the goals, objectives and policies of the General Plan or Specific Plan for the area.

It is clear from these provisions of the zoning ordinance that the likelihood that appellees would qualify under the Coconino County zoning ordinance for expansion of a nonconforming business use onto an adjacent parcel was remote. In fact it was because the commission determined, upon advice from the Coconino County Attorney's office, that appellees' expansion was forbidden under the ordinance, both because the expansion would take place on a separate parcel of property and because the parcel designated for the proposed expansion and the existing hotel were zoned differently, that the commission ruled that it had no jurisdiction to consider appellees' request.

Appellees do not deny that their nonconforming business use and their right to expand their nonconforming business use are subject to reasonable regulations under the police power to protect the public health, safety and welfare. As this court stated in *Watanabe v. City of Phoenix*, 140 Ariz. 575, 577, 683 P.2d 1177, 1179 (App. 1984), "[w]hile nonconforming uses existing at the time [the] zoning ordinance became effective cannot be prohibited, they are subject to reasonable regulations under the police power to protect the public health, safety, welfare, or morals." In *Watanabe*, we held that the city could apply an ordinance requiring pavement of parking lots for the purpose of controlling dust for health and environmental reasons to a nonconforming use property. 140 Ariz. at 578, 683 P.2d at 1180.

■ The appellants have not contended that the expansion requested by appellees would endanger the public health, safety or welfare. All that is involved from the county's point of view is its interest in precluding expansion of a nonconforming use which conflicts with its plans for the area. To the extent A.R.S. § 11–830(B) gives appellees the right to expand their nonconforming use, any provision contained in the county ordinance which conflicts with that right is of no

effect. It is well settled that a statute in conflict with an ordinance prevails over such ordinance. *Mitchell v. Emblade,* 80 Ariz. 398, 402, 298 P.2d 1034, 1036, *opinion adhered to,* 81 Ariz. 121, 301 P.2d 1032 (1956). A subdivision of the state cannot lawfully forbid what the legislature has expressly authorized. *Gulf, C. & S. F. Ry. Co. v. White,* 281 S.W.2d 441, 450 (Tex.Civ. App.1955).

We turn now to the question of whether A.R.S. § 11–830(B) authorizes expansion of appellees' nonconforming business use to the adjoining parcel. Coconino County argues that the statute should not be interpreted to allow ambulatory expansion of nonconforming uses. The county cites an impressive array of cases in which a strict policy against the extension or enlargement of nonconforming uses has been followed on the grounds that such extension or enlargement is contrary to the objectives of zoning to eliminate nonconforming uses. *See, e.g., San Diego County v. McClurken,* 37 Cal.2d 683, 687, 234 P.2d 972, 975 (1951); *Sabek, Inc. v. County of Sonoma,* 190 Cal.App.3d 163, 166–67, 235 Cal.Rptr. 350, 352 (1987); *Wasinger v. Miller,* 154 Colo. 61, 66, 388 P.2d 250, 253 (1964); *Farr v. Zoning Board of Appeals,* 139 Conn. 577, 587, 95 A.2d 792, 796 (1953); *Martin v. Cestone,* 33 N.J.Super. 267, 271, 110 A.2d 54, 56–57 (1954); *DeWitt v. Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. 313, 319, 262 A.2d 472, 476 (1970).

Similarly, the county points out that most courts faced with the issue have held that the extension of a nonconforming use onto premises which were not previously subject thereto at the time of the enactment of the zoning ordinance is not permissible. *See, e.g., Evans v. City of Little Rock,* 221 Ark. 252, 253 S.W.2d 347 (1952); *Rehfield v. City of San Francisco,* 218 Cal. 83, 84–85, 21 P.2d 419, 420 (1933); *Davis v. Miller,* 163 Ohio St. 91, 94, 126 N.E.2d 49, 51 (1955); *DeWitt,* 128 Vt. at 319–20, 262 A.2d at 476–77; *Town of Yorkville v. Fonk,* 3 Wis.2d 371, 378, 88 N.W.2d 319, 323, *appeal dismissed,* 358 U.S. 58, 79 S.Ct. 110, 3 L.Ed.2d 48 (1958); *see also* Annotation, *Zoning: Changes, Repairs, or Replacements in Continuation of Nonconforming Use,* 87 A.L.R.2d 4 (1963); 8A E. McQuillin, *Municipal Corporations* §§ 25.200–25.210 (3rd ed. 1986); 4 Ziegler, *Rathkopf's, The Law of Zoning and Planning* § 51.07 (4th ed. 1988).[3]

We are not persuaded by these authorities that A.R.S. § 11–830(B) should be strictly construed to limit expansion of nonconforming business uses. We note that the authorities cited by the county which follow the strict policy against extension or enlargement of nonconforming uses all concerned interpretation of zoning ordinances. Notably, none of these cited cases involved a statute by which the state legislature guaranteed expansion of nonconforming business uses.

Moreover, Arizona has never embraced the rule of construing provisions permitting nonconforming uses strictly against the nonconforming user. In *Mueller v. City of Phoenix,* 102 Ariz. 575, 585, 435 P.2d 472, 482 (1967) (Struckmeyer, J., dissenting), the lone dissenting justice noted that:

> [I]t has been held by the most respected courts in the country that nonconforming uses are to be eliminated as rapidly as

**3.** It appears that the courts of only one state, Pennsylvania, have aggressively protected extensions and enlargements of nonconforming uses finding them to be protected by the constitutional guarantee of due process. The Pennsylvania courts have developed a doctrine of "natural expansion," and enunciated the rationale behind the doctrine in *Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 255 A.2d 506 (1969):

> The rationale behind the doctrine can be traced to the due process requirements protecting private property. If a person owns property which constitutes a valid nonconforming use, it is inequitable to prevent him

from expanding the property as the dictates of business or modernization require.... Although our opinions have apparently never explicitly so held, we must conclude from the tenor of these decisions that the right of natural expansion is a constitutional right protected by the due process clause.

435 Pa. at 102, 255 A.2d at 507 (footnotes omitted). *But see Schaffer v. Zoning Hearing Bd.,* 32 Pa.Commw. 261, 378 A.2d 1054 (1977) (the doctrine of "natural expansion" is not applied to parcels upon which a use is allowed by grant of a variance after the zoning ordinance prohibiting such use was enacted).

possible. They are not to be rebuilt or renewed and statutes permitting nonconforming uses are to be strictly construed against the nonconforming user.

Justice Struckmeyer advocated that the zoning ordinance in question be interpreted against the nonconforming user. The four justices writing or concurring in the majority opinion, however, construed the ordinance in favor of the nonconforming user. 102 Ariz. at 577–82, 435 P.2d at 474–79.

In *Pima County v. Cardi*, 123 Ariz. 424, 600 P.2d 37 (App.1979), Division Two of this court held that Arizona law requires that regulations and statutes governing nonconforming uses are to be construed in favor of the nonconforming user. The court stated:

> [A]s a general rule, because land use regulations are in derogation of common law property rights, they are strictly construed to favor the property owner. *Kubby v. Hammond*, [68 Ariz. 17, 198 P.2d 134 (1948)]. Although many jurisdictions except from this general rule regulations governing existing uses and construe them to restrict existing uses, 101 C.J.S. [Zoning] § 182 [1958], Arizona has not adopted this rule. *Phoenix City Counsel v. Canyon Ford, Inc.*, [12 Ariz. App. 595, 473 P.2d 797 (1970)] *But cf., Mueller v. City of Phoenix*, 102 Ariz. 575, 585, 435 P.2d 472, 482 (1967) (Struckmeyer, J., dissenting) (statutes permitting nonconforming uses are to be strictly construed against the non-conforming user).

123 Ariz. at 427, 600 P.2d at 40.

In *Gannett Outdoor Company of Arizona v. City of Mesa*, 159 Ariz. 459, 461, 768 P.2d 191, 193 (App.1989), this court, in a case involving a city zoning ordinance, noted that public policy generally favors the eventual elimination of nonconforming uses. In *Gannett*, the court considered the meaning of the term "alteration" as used in A.R.S. § 9–462.02 [4], which prohibited a municipal ordinance from affecting a nonconforming use or reasonable repairs or alterations of the nonconforming use. 159 Ariz. at 463, 768 P.2d at 195. In so doing, the court did not apply the rule of strict construction in interpreting the meaning of the term in question. *Id.* Rather, the court construed the term "alteration" according to its dictionary definition and concluded that the proposed change in the structure of the billboards did not constitute a "reasonable alteration" within the meaning of the statute. *Id.*

The dissent overemphasizes *Gannett's* statement regarding public policy. As this court stated in *Gannett*, the goal of eliminating nonconforming uses "can be achieved only within the statutory scheme." 159 Ariz. at 461, 768 P.2d at 193. The statute at issue in *Gannett*, A.R.S. § 9–462.02, provided for the elimination of nonconforming uses through purchase or condemnation and specifically stated that "[t]he elimination of such nonconforming uses and structures in a zoned district is for a public purpose." In contrast, the county zoning statutes, A.R.S. §§ 11–801 through 11–832, neither authorize the county to eliminate nonconforming uses through purchase or condemnation nor provide that the elimination of nonconforming uses is for a public purpose. These significant differences between the city zoning provisions and the county zoning provisions lead us to the conclusion that the policy favoring the eventual elimination of nonconforming uses is inapplicable to the interpretation of A.R.S. § 11–830(B).

The dissent posits that the use of the word "may" in A.R.S. § 11–830(B) indicates that the legislature intended to grant the county discretionary authority to permit limited expansion of nonconforming business uses. The dissent's focus on the word "may" is misplaced. The subject of "may"

---

**4.** A.R.S. § 9–462.02 provides:

> The municipality may acquire by purchase or condemnation private property for the removal of nonconforming uses and structures. The elimination of such nonconforming uses and structures in a zoned district is for a public purpose. Nothing in an ordinance or regulation authorized by this article shall affect existing property or the right to its continued use for the purpose used at the time the ordinance or regulation takes effect, nor to any reasonable repairs or alterations in buildings or property used for such existing purpose.

in A.R.S. §§ 11–829, –831, and –832 is "board" or "commission." These statutes are clearly intended to grant discretionary power in the zoning authorities. But such is not the case with respect to A.R.S. § 11–830(B). Notably, the subject of "may" in A.R.S. § 11–830(B) is "nonconforming business use." In straightforward language, the statute provides that the "... nonconforming business use ... may expand...." Given this grammatical construction, we conclude that the legislature intended to grant nonconforming business uses a right to limited expansion.

We further note that the heading of A.R.S. § 11–830, "Restriction on regulation; exception", lends additional support to our holding that A.R.S. § 11–830(B) was intended to be a specific restriction on the county's general authority to regulate planning and zoning within its jurisdiction. While we recognize that the headings to sections do not constitute part of the law, A.R.S. § 1–212, we are persuaded that by enacting A.R.S. § 11–830(B) the legislature intended to grant a right to nonconforming businesses to expand up to one hundred percent of the original business without limit or restriction on the expansion by the county.

▮ We also reject the county's contention that A.R.S. § 11–830(B) does not allow expansion of nonconforming business uses onto adjoining property not previously burdened by the use. The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Calvert v. Farmers Ins. Co.*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). It appears that the legislature's intention in enacting A.R.S. § 11–830(B) was to aid existing business owners by giving them a right to expand their nonconforming business up to one hundred percent of the area of the original business. Nothing within the language of the statute reflects a legislative intention that this protection extend only to nonconforming users whose business was situated on a parcel sufficiently large for a one hundred percent expansion of the business. If the legislature had intended such a limitation, it would have said so.

As a fall-back position, the county argues that the legislature's use of the phrase "within a district" in A.R.S. § 11–830(B) indicates that it intended that the nonconforming business use expand only onto the property lying within the same zoning district as the parcel burdened with the nonconforming use. We conclude that the language of the statute does not support such an interpretation. We note that the statute does not provide that the nonconforming business "may expand within a district." Rather, it provides that the "nonconforming business use within a district may expand." The difference is that the legislature used the phrase "within a district" to modify the noun phrase "nonconforming business" to describe the nonconforming business uses to which it was referring. The phrase is not used to modify the verb phrase "may expand" to describe where expansion may take place. Accordingly, we conclude, based on the language of the statute, that the legislature did not intend the expansion to be limited to parcels within the same zoning district.

We are satisfied that appellees' expansion of their nonconforming business use onto the adjoining property falls within the protection of the statute. The county through its zoning ordinance cannot deny appellees the protection to which they are entitled under the statute. Since the county has not shown that any issue of public health, safety or welfare is involved, we conclude that the trial court was correct in ordering the county to issue appellees a building permit to expand the hotel onto the adjoining parcel.

We point out that in this case parcel 10G, the site of the proposed expansion, is contiguous to parcel 11G, the site of the original hotel. Our holding is limited to the facts of this case, and we do not at this time consider whether A.R.S. § 11–830(B) authorizes expansion of a nonconforming business use onto a noncontiguous parcel.

## WERE APPELLEES ENTITLED TO AN AWARD OF ATTORNEY'S FEES PURSUANT TO A.R.S. § 12–2030?

Appellees, in their cross-appeal, argue that, as the prevailing party in this action,

they were entitled pursuant to A.R.S. § 12–2030 to an award of attorney's fees which they incurred in the amount of $12,-652.36 and that the trial court erred in failing to grant the request for attorney's fees. A.R.S. § 12–2030 is entitled "Mandamus action; award of fees and other expenses against the state or political subdivision; definition" and provides that:

A. A court shall award fees and other expenses to any party other than this state or any political subdivision thereof which prevails by an adjudication on the merits in a civil action brought by the party against the state or any political subdivision thereof to compel a state officer or any officer or any political subdivision thereof to perform an act imposed by law as a duty on the officer.

B. As used in this section, "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, report, test or project found by the court to be necessary for preparation of the party's case, and reasonable and necessary attorney fees.

Appellees contend that their special action complaint requested relief in the nature of mandamus since they sought an order from the trial court compelling Coconino County and its Planning and Zoning Commission to issue a building permit to expand up to one hundred percent their nonconforming hotel business or to hear their application for a conditional use permit, both of which the Commission refused to do, professing to be without jurisdiction to act. As previously discussed, the trial court found that under A.R.S. § 11–830(B) appellees were entitled to the expansion requested and ordered Coconino County and its Planning and Zoning Commission to issue the building permit. Appellees argue that, under these circumstances, an award of attorney's fees pursuant to A.R.S. § 12–2030 was mandatory.

The county agrees that if this case is in the nature of mandamus, an award of attorney's fees is appropriate. However, the county argues that the action initiated by the appellees was not in the nature of

mandamus, but instead sought review of the commission's actions by way of certiorari.

█ We conclude that under the facts of this case a writ of certiorari was not an appropriate remedy. A.R.S. § 12–2001, provides that a writ of certiorari may be granted "when an inferior tribunal, board or officer, exercising judicial functions, has exceeded its jurisdiction." This situation is included in Rule 3(b), Rules of Procedure for Special Actions, which provides in pertinent part that one question that may be raised in a special action is "[w]hether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority." In the present case, the commission refused to act on the ground that it had no jurisdiction to allow appellees to proceed with the expansion. Thus, we do not accept the argument that the Zoning and Planning Commission exceeded its jurisdiction.

This brings us to an examination of the circumstances in which relief in the nature of mandamus is allowed. Under the provisions of A.R.S. § 12–2021, a writ of mandamus is authorized in appropriate circumstances to compel performance of an act which the law specially imposes as a duty resulting from an office, trust or station or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded. As phrased in case law, it has been held that mandamus may be used to compel performance of "a ministerial act which the law specially imposes as a duty resulting from an office." *State Board of Technical Registration v. Bauer*, 84 Ariz. 237, 239, 326 P.2d 358, 360 (1958) (emphasis deleted); *see also State Board of Barber Examiners v. Walker*, 67 Ariz. 156, 165, 192 P.2d 723, 729 (1948). The other situation in which a writ of mandamus will lie involves compelling an official body to exercise that discretion which, by law, it has a duty to exercise. *Cagle Bros. Trucking Service v. Arizona Corp. Comm'n*, 96 Ariz. 270, 272, 394 P.2d 203, 205 (1964). In the second situation, the writ of mandamus is not used to require

the body to exercise its discretion in any particular manner, but only to exercise it. *Id.* These situations are summarized in Rule 3(a), Rules of Procedure for Special Actions, which provides that a question to be determined in a special action is "[w]hether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion."

■ The Planning and Zoning Commission is the entity entrusted by law to grant persons the right to erect buildings on property within the county. Having demonstrated no grounds for refusing appellees' request for expansion of the hotel on the adjoining parcel, the commission had a duty to issue a building permit, which it refused to do. Appellees prevailed in this suit to compel the commission to perform an act imposed on it by law. The special action brought and maintained by appellees was in the nature of mandamus. Appellees are, therefore, entitled to an award of their attorney's fees pursuant to A.R.S. § 12–2030. Since the amount of the award has not been contested, the matter is remanded with directions for the trial court to enter judgment awarding appellees the full amount of attorney's fees requested.

## ATTORNEY'S FEES ON APPEAL

■ Appellees request an award of attorney's fees on appeal. As the prevailing party on appeal in this matter, appellees are entitled to an award of attorney's fees pursuant to A.R.S. § 12–2030. The amount of the award will be determined after appellees submit an affidavit in compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's decision, ordering the county to issue a building permit to appellees allowing them to expand their nonconforming business use up to one hundred percent on the adjoining parcel. The trial court's order denying appellees' request for attorney's fees is reversed, and the case is remanded for entry of an order awarding the full amount of attorney's fees requested pursuant to A.R.S. § 12–2030.

McGREGOR, J., concurs.

GERBER, Judge, dissenting.

I dissent for two reasons—first, to dispel an illusion regarding the property owner's expectations and secondly, to relate public policy and legislative history to the statute at issue. The latter considerations lead me to a conclusion different from that of the majority.

In the first place, appellees now operate a hotel which became a nonconforming use as a result of a change in the zoning after they purchased it. However, they purchased adjacent parcel 10G in 1987 knowing that it had been already rezoned as RM–20/A. As in *Amon v. City of Rahway*, 117 N.J.L. 589, 190 A. 506, 508 (1937), appellees bought the adjacent property with their eyes open to the changed zoning and thus had notice that expansion onto it of their nonconforming hotel would, at a minimum, not be favored.

Secondly, and more to the point, "public policy favors the eventual elimination of nonconforming uses." That is what this same court said in *Gannett Outdoor Co. v. City of Mesa*, 159 Ariz. 459, 461, 768 P.2d 191, 192 (App.1989). "The purpose of statutes allowing nonconforming uses," we also said in that opinion, "is to prevent the injustice of forcing retroactive compliance and the doubtful constitutionality of compelling immediate discontinuance of a nonconforming use." *Id.* 768 P.2d at 194. These latter purposes, however, do not apply at all to this appellee for reasons given in the prior paragraph. The stated sensitivity regarding public policy against expanding non-conformity has been ignored. The majority rationale permits a doubling of nonconforming uses to the point of eroding *Gannett's* announced public zoning policy. Despite its stated desire to limit its holding to the facts of this case, the majority's interpretation of A.R.S. § 11–830(B) permits a doubling of non-conformity even on non-contiguous parcels remote from the original site because there is no require-

ment of contiguity either in the statute or the majority's interpretation of it. The result is crazy-quilt zoning.

If we adhere to the public policy against expansion of nonconforming uses announced in *Gannett*, A.R.S. § 11–830(B) should be read in the context of that policy. It should also be read in the context of the preceding and following statutes. Section 11–830(B) appears in a section broadly describing the powers and duties of the local zoning board. The preceding statute § 11–829 describes at length the filing of a zoning petition, how the zoning board gives notice, conducts a public hearing and eventually renders a decision. Sections 11–831 and –832 which follow § 11–830 address the zoning board's discretionary power ("may") to allow or deny zoning uses. The recurring word "may", which also appears in § 11–830(B), indicates that much of this section views the authority of the zoning board as discretionary. The statute at issue here, hardly a paragon of draftsmanship, addresses "restrictions" on the zoning board's authority. Read in the context of its neighbors, § 11–830(B) means that *if* a zoning board decides to allow expansion of a nonconforming use, the expansion "may" extend up to but not beyond 100%. The term "may" indicates that the decision whether to permit such expansion is discretionary with the zoning authority, i.e., the board may decide against any expansion but if it authorizes expansion, the outside limit is 100%. Had the legislature meant to authorize the mandatory expansion adopted by the majority, it certainly knew how to employ mandatory language. It used such a mandatory prohibition in the immediately preceding subsection, § 11–830(A)(2), which mandates that "nothing ... shall ... prevent, restrict, or otherwise regulate...."

This exegesis of the statutory neighbors of § 11–830(B) finds compelling and less tortured support in its legislative history. In 1949, the legislature first adopted this language. *See 1949 Session Laws of Arizona*, Ch. 58, § 16 (1949). Like § 11–830, it is also entitled "Restriction on Regulation." Significantly, it then read "a non-conforming business use within a district *shall have the right* to expansion...." (Emphasis added.) The amended 1988 version of this same statute pointedly changes "shall have the right" to "may." If legislative history means anything, its import here is that the legislature intends the present statute *not* to confer an absolute right to expand non-conformity but rather to grant a limited *permission* discretionary to the zoning commission.

To me this reading of admittedly troublesome language is more consistent with its neighbors and its ancestors and also more consistent with the public policy announced in *Gannett* and adopted in the county's progressive zoning ordinances which, clear as they are, remain subordinate to this unclear statute.